Charles HEWITT, Appellant,

v.

STATE of Indiana, Appellee.

No. 2–1178A395.

Court of Appeals of Indiana,
Second District.

April 28, 1980.

Arden W. Zobrosky, Marion, for appellant.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Charles Hewitt, appellant, seeks review of the trial court's denial of his Verified Motion to Withdraw Plea.[1]

Hewitt was charged by information filed July 14, 1976 with the offense of Assault and Battery with Intent to Kill.[2] January 6, 1978 a Plea Recommendation Agreement, signed by a Deputy Prosecuting Attorney, Hewitt, and his counsel, was filed. It provided Hewitt would plea guilty to the charged offense and the State would move to dismiss a charge of Assault and Battery with Intent to Kill pending in another separate cause. The agreement concluded with the statement:

"That there are no other recommendations or promises."

Before accepting Hewitt's guilty plea the trial judge extensively interrogated Hewitt concerning his knowledge of the negotiated agreement as well as the voluntariness of his plea. Sentencing was set for February 2, 1978. At that time Hewitt offered the testimony of certain witnesses. The first such witness, Rev. Williams, was cross-examined by the Deputy Prosecuting Attorney. The other witnesses were not. At the conclusion of Hewitt's evidence the trial court continued his sentencing and ordered a diagnostic work-up on Hewitt from the Diagnostic Center.

On March 15, 1978 Hewitt filed a Verified Motion to Withdraw Plea. The pertinent statements in the verified motion read:

"1. That pursuant to a plea bargain arrangement and certain representations made to him by the Deputy Prosecuting Attorney for the State of Indiana through his attorney, your Affiant pleaded guilty to the charges herein.

2. That said Deputy Prosecuting Attorney represented and agreed with Defendant's attorney that he would stand mute at the hearing held by the Court after receiving the guilty plea, with no recommendation concerning suspension of sentence, probation, and related matters.

3. That said Deputy Prosecuting Attorney, contrary to his representations, did not remain mute; instead he attempted to convince the Court of his and the State's opposition to any suspension or probation, all contrary to his previous commitment to Defendant's counsel.

4. That by reason thereof, to-wit: the misrepresentation of said Deputy Prosecuting Attorney, your Defendant prays that he be permitted to withdraw his guilty plea and to stand trial."

The trial court, at the continued sentencing held March 15, 1978, denied the motion to withdraw and ordered Hewitt committed for the statutory sentence.

Hewitt's argument is many-fold. First, he argues the withdrawal of his plea of guilty was required under West's AIC 35–4.1–1–6(c)(4).[3] Secondly, he argues his motion stated a fair and just reason for the plea withdrawal at a time when the State was not substantially prejudiced by reliance on his guilty plea.[4] Finally, Hewitt argues his plea was not voluntary because it was made under the inducement of the State's promise to stand mute.

---

1. West's AIC 35–4.1–1–6(b).

2. IC 35–13–2–1 (Burns Code Ed.). Repealed Oct. 1, 1977 by Acts 1976, P.L. 148, § 24.

3. " . . . For purposes of this section, withdrawal of the plea of guilty is necessary to correct a manifest injustice whenever:

    . . . . (4) the prosecuting attorney failed to abide by the terms of a plea agreement . . . ."

4. IC 35–4.1–1–6(b).

Hewitt, in presenting his arguments, assumes a critical premise. His premise is that the trial court was required to accept as true the statements in his verified motion: (1) that there was an additional promise made by the State in the plea bargaining process that was not reduced to writing in the Written Plea Recommendation Agreement, and (2) that this promise was breached by the State's cross-examination of his character witness. This premise is incorrect. Hewitt correctly recites the State failed to file a counter-affidavit in opposition to the motion. However, Hewitt himself provided the trial court with both a sworn statement and an admission that the Plea Recommendation Agreement fully and correctly recorded the plea bargain between himself and the State.

At the time the agreement was submitted to the trial court and the plea of guilty made, Hewitt responded to the trial court's questioning as follows:

"Q. Alright. And at this time I have been given a plea recommendation agreement that indicates that you wish to change your plea from not guilty to guilty, is that correct?

A. Yes.

Q. Mr. Hewitt, would you look at this plea recommendation agreement that I have here in my hands? Have you seen that plea recommendation agreement before?

A. Yes, sir, I have.

Q. Have you had a chance to read that and go over that with your Attorney?

A. Yes.

Q. And have you signed that?

A. Yes.

Q. Does that contain your signature?

A. Yes."

Then, under oath, Hewitt, in response to the court's further questioning, responded:

"Q. Mr. Hewitt, has any promises or any threats, or anything of that nature, been used to make you plead guilty here today, other than the plea negotiation that was filed with the court?

A. No, sir.

Q. Are you pleading guilty of your own free will?

A. Yes.

Q. Are you pleading guilty because you are guilty?

A. Yes.

Q. Do you understand that the plea recommendation imposes no limitation on the court in regard to your sentencing?

A. Yes, sir."

■ The trial court's ruling on a motion to withdraw will not be disturbed on appeal unless there is a clear showing the trial court abused its discretion. IC 35–4.1–1–6(b); *Anthony v. State*, (1976) Ind.App., 348 N.E.2d 60. We find no such abuse.

■ This court, of course, cannot review a claimed abuse of discretion in a vaccuum. Rather, a trial court's exercise of discretion must be considered in light of the facts determined by the trial court and to which it applied its discretion. We, as a reviewing court, do not weigh the evidence nor resolve questions of credibility. Rather, the trial court's resolution of factual disputes will be affirmed if there is evidence of probative value supporting a reasonable fact-finder.

■ In this case the record directly controverts Hewitt's statements in his Motion to Withdraw Plea. Under that circumstance it was the trial court's duty to resolve the conflict.[5] It did, and against Hewitt, who had the burden of establishing his grounds for relief by a preponderance of the evidence.[6] Furthermore, the trial court's factual determinations are supported by the record below.

■ The trial court's resolution of the factual dispute determined the withdrawal

5. We take this opportunity to emphasize the responsibility of both parties to a plea bargain agreement to understand the scope and depth of the agreement and the need for precision in its recordation. *See U. S. v. Crusco*, (3d Cir. 1976) 536 F.2d 21.

6. West's AIC 35–4.1–1–6(e).

was not necessary to correct a manifest injustice due to the State's failure to abide by the terms of a plea agreement. Rather, the trial court apparently found the plea agreement was fully performed by the State.

Similarly, the record below supports an implicit finding by the trial court that the plea was knowingly and voluntarily made. The trial court fully and completely followed the mandate of West's AIC 35–4.1–1–3 and 35–4.1–1–4 before it accepted Hewitt's guilty plea. In addition, the trial court carefully interrogated Hewitt as to his education, his ability to understand English, and his mental alertness.

Finally, Hewitt failed to present the trial court with any fair and just reason to withdraw his plea. The only basis for the withdrawal presented to the trial court was the State's claimed violation of the claimed unrecorded additional promise of muteness at sentencing.

Judgment affirmed.

BUCHANAN, C. J., and SULLIVAN, J., concur.