**John David LOVE, Appellant
(Petitioner Below),**

v.

**STATE of Indiana, Appellee
(Respondent Below).**

**No. 20A03–8606–PC–162.**

Court of Appeals of Indiana,
Third District.

Oct. 27, 1987.
Rehearing Denied Nov. 20, 1987.

Susan K. Carpenter, State Public Defender, Rhonda Long-Sharp, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

John David Love appeals the denial of his petition for post conviction relief. This appeal raises seven issues which we have consolidated and restated as:

1. Whether the trial court erred in accepting Love's guilty plea without requiring that the plea agreement be in writing.

2. Whether the trial court erred in finding that Love's guilty plea was entered voluntarily, knowingly, and intelligently.

3. Whether the trial court erred in denying Love's motion to withdraw his guilty plea.

4. Whether the trial court erred in failing to issue specific and correct findings of fact and conclusions of law on all issues presented in Love's petition for post conviction relief.

We affirm.

On May 14, 1981, Love pleaded guilty to three counts of robbery,[1] a class B felony, pursuant to a plea agreement under which the State would dismiss a charge of theft,[2] a class D felony, and recommend concurrent sentences of twenty years for each count.

On June 8, 1981, Love appeared in court for his sentencing hearing and requested to withdraw his guilty plea to each count. The court denied his request and sentenced Love in accordance with the plea agreement.

■ Initially, we note the standard of review applied to post conviction relief proceedings. The petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. The trial court which heard the post-conviction proceeding is the sole judge of the weight of the evidence and the credibility of witnesses. We reverse only when the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the post-conviction court. *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 251. In the present case, the only evidence before the post-conviction court were the transcripts from the guilty plea and sentencing hearings. With this standard in mind, we turn to the specific allegations of error.

## I.

### *Plea Agreement*

■ Love contends that the trial court erred in accepting Love's guilty plea without requiring that the plea agreement be in writing. This issue was raised for the first time in Love's appellate brief. Failure to raise an alleged error in the petition for post-conviction relief waives the right to raise that error on appeal. Ind.Rules of Procedure, Post Conviction Rule 1, § 8; *Layton v. State* (1986), Ind., 499 N.E.2d 202, 203.

## II.

### *Guilty Plea*

Love contends his guilty plea was not entered voluntarily, knowingly and intelli-

1. I.C. 35–42–5–1.

2. I.C. 35–43–4–2.

gently because 1) he refused to admit his guilt when entering his plea, 2) the trial judge did not personally address him to determine if a factual basis existed for the plea, and 3) the trial judge did not advise him that his prior convictions could be used to enhance his sentence.

■ A trial judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time. *Ross v. State* (1983), Ind., 456 N.E.2d 420, 423. A review of the record does not support Love's contention that he maintained his innocence.

The transcript of the guilty plea hearing shows the following exchange:

Q. However, if you plead guilty, you are in fact testifying against yourself to the extent you are admitting your involvement in these offenses. Do you understand?

A. (No response)

Q. While I understand in a moment we are going through a procedure where a plea will be taken without your exactly admitting the offenses, you have to understand that by not having a trial you are giving up your right to remain silent.

A. Yes.

Q. Are you with me? Okay, John. And, do you understand that if you leave your plea of not guilty, you don't have to prove you're innocent, the State has to prove you're guilty beyond a reasonable doubt? You don't have to bring any evidence, you don't have to do anything, all you have to do is sit there and make them prove you're guilty beyond a reasonable doubt. However, if you enter a plea of guilty, you're giving up that right.

A. Yes.

Q. Okay. And, you understand that by entering a plea of guilty, you are in fact admitting, or there will be evidence introduced, to prove the truth of all the facts contained in these informations.

A. I don't understand.

Q. Well, if you were going to admit you did this, you would be admitting to me all the things that are charged in these three cases. My understanding is you are entering a plea of guilty and letting the State present evidence without challenge that all the things happened in these cases happened. Do you understand—does that make it clearer?

A. Not really.

Q. All right. In order for me to take a guilty plea, John—do you go by John or David?

A. David.

Q. David, there has to be evidence presented to convince me that these three things happened. There has to be a basis for that. While you're not going to say, "I did it and that's all true," the State is going to present evidence, I see two policemen, somebody's going to testify, they're going to put some evidence in that these three things happened and you did it, okay, and you are, therefore, giving up your right to make the State prove it because you're not going to challenge that evidence. Do you understand, because I cannot accept the plea unless I am convinced that there are facts that support these three charges, okay?

A. Yes.

(Record 268–269).

At the beginning of the guilty plea proceedings, Love's attorney indicated to the trial court that Love was not admitting his involvement in the crimes. In addition, Love directs our attention to his unresponsiveness to one question to support his claim that he maintained his innocence. However, as the transcript shows, the trial judge continued to explain to Love, until he indicated he understood, that his guilty plea would be an admission of the facts alleged in the informations. In effect, the trial judge made it clear that if Love wanted to enter a plea of guilty he had to admit the facts alleged in the informations, notwithstanding his attorney's comment to the

contrary. As we discuss below, Love did admit the facts alleged in the information were true. *Frazier v. State* (1986), Ind., 490 N.E.2d 315, 316. Furthermore, at no time during the guilty plea hearing or the sentencing hearing did Love assert that he was innocent of the charges.

■ Love also contends the trial judge erred in finding a factual basis because Love was not personally addressed by the court pursuant to I.C. 35–4.1–1–4 (now I.C. 35–35–1–3). That statute provides in part:

(b) The court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea.

Case law has interpreted this statute to mean that "a trial court may not accept a guilty plea unless it is satisfied there is a sufficient factual basis for the plea." *Dearman v. State* (1986), Ind., 500 N.E.2d 1161, 1163. Evidence other than the sworn testimony of the defendant can serve as an adequate basis for accepting a guilty plea. *Id.*

The transcript of the guilty plea hearing shows that the informations were read to Love and he indicated he understood what he was being charged with. Furthermore, the parties stipulated that the facts alleged were true and that each of the robbery victims would identify Love as the robber if they testified. This is sufficient to establish a factual basis for entry of the guilty plea. *Silvers, supra* at 252.

■ Love further contends that his guilty plea was not entered voluntarily, knowingly and intelligently because the trial judge did not advise him that his prior convictions could be used to enhance his sentence. Under *White v. State* (1986), Ind., 497 N.E.2d 893:

A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–

1–2(a) rendered his decision involuntary or unintelligent.

*Id.* at 905.

Love argues that *White* should not be applied retroactively. We note, however, that the Indiana Supreme Court has applied *White* retroactively in several cases. *E.g., Henry v. State* (1986), Ind., 499 N.E.2d 1074, 1075; *King v. State* (1986), Ind., 499 N.E.2d 241, 242. Love claims he was prejudiced by the court's failure to give the advisement because the trial court used Love's juvenile record as one of three aggravating factors to justify enhancing Love's sentence. We fail to see how Love could possibly have been prejudiced when the plea agreement he entered into provided for three concurrent twenty year sentences and that is precisely what he got.

### III.

### *Motion to Withdraw*

■ Love next contends that the trial court erred in denying his request to withdraw his guilty plea. At the time of Love's motion, the withdrawal of a properly entered guilty plea was governed by I.C. 35–4.1–1–6 (now I.C. 35–35–1–4). That statute provided:

(b) After entry of a plea of guilty but before imposition of sentence, upon motion of the defendant the court may allow the defendant to withdraw his plea of guilty for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty made pursuant to this subsection shall be in writing and verified. The motion shall state the facts in support of the relief demanded and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

Love's motion to withdraw his guilty plea was neither tendered "in writing" nor "verified." Technically, Love has waived any

issue regarding the court's denial of his motion. *Owens v. State* (1981), Ind., 426 N.E.2d 372, 375. Due to the serious implications which surround the entry and acceptance of a guilty plea, however, we will address the merits of Love's contention. *Id.*

Whether to permit a defendant to withdraw a guilty plea once it has been formally entered is within the sound discretion of the trial judge. *Id.* Love claims the trial judge abused his discretion because 1) the guilty plea had not been entered voluntarily, knowingly and intelligently, 2) there was no written plea agreement,[3] and 3) the trial judge was biased and prejudiced against Love.

At the sentencing hearing, Love claimed he was "scared" into entering the guilty plea because he had been told by counsel if he did not he would probably be sentenced to sixty-eight years. Love's own testimony was the only evidence that his counsel had told him he would get sixty-eight years.

Love also claimed at the sentencing hearing that he did not understand the State's burden of proof at the time he entered his guilty plea. However, at the guilty plea hearing Love indicated that he did understand the State's burden.

Love did not carry his burden of proving a "manifest injustice" needed correcting. We cannot conclude the trial court abused its discretion by not giving credence to Love's testimony at the sentencing hearing when it contradicted his testimony at the time he entered his guilty plea. *Id.* at 375–76.

■ Love contends that the trial judge abused his discretion because he was biased and prejudiced against Love. The State concedes that remarks made by the trial judge during the sentencing hearing would have been better left unsaid. However, the State also correctly points out that the judge's outburst did not occur until *after* he had denied Love's motion to withdraw his guilty plea. Thus, Love has not shown how he was prejudiced by these remarks.

**3.** As discussed above, Love has waived any issue regarding the absence of a written plea agree-

## IV.

### *Findings and Conclusions*

■ Finally, Love contends the trial court erred by failing to issue specific and correct findings of fact and conclusions of law on all issues presented in his petition for post-conviction relief.

In a post-conviction proceeding, the trial court is required to make specific findings of fact and conclusions of law sufficient to enable the reviewing court to dispose of the issues on appeal. *Grigsby v. State* (1987), Ind., 503 N.E.2d 394, 397.

Although the findings and conclusions entered by the trial judge did not specifically address each allegation in Love's petition, we do not find that a remand for more specific findings is warranted. The findings and conclusions are supported by evidence in the record and sufficiently address the issues to enable this court to review the case.

Affirmed.

HOFFMAN and CONOVER, JJ., concur.