Guydell WATSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 48S00–8709–CR–842.

Supreme Court of Indiana.

Aug. 3, 1988.

William D. McCarty, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the trial court's denial of a motion to withdraw a plea of guilty to multiple charges of Rape, Robbery, Burglary, and Battery. Under the plea agreement, appellant received a sentence of forty (40) years. The State also agreed to dismiss other charges pending against appellant.

Appellant's brief in this case was filed on September 29, 1987. On October 23, 1987, the State filed a verified motion to dismiss or affirm stating that an appeal is an improper remedy to challenge a plea of guilty and that the same should be done by a post-conviction relief petition. The State claims that appellant's time for taking appeal should be counted from April 13, 1987, at which time the trial court denied his motion to withdraw his plea of guilty. The State also claims that appellant did not file his motion to correct error until June 25, 1987, some seventy-three (73) days after the court's ruling; thus the State contends the appeal should be dismissed as being untimely filed.

On November 6, 1987, this Court issued an order denying the State's motion to dismiss or affirm, wherein this Court stated in part:

> While a guilty plea cannot be directly challenged on appeal, IC 35–35–1–4(b) allows a direct appeal to a defendant after the trial court has refused to allow withdrawal of a guilty plea. See *Maggard v. State* (1985), Ind., 472 N.E.2d 888. This Court also finds that the denial of the withdrawal of guilty plea is interlocutory until the sentence is imposed.
>
> Appellee is therefore directed to file its Brief on or before December 4, 1987.

In its brief, the State takes the position that this Court was in error in so ruling and asks us to reevaluate their motion to dismiss or affirm. It is the position of this Court that the original Order of November 6, 1987 denying the State's motion to dismiss or affirm was correct. We therefore decline to discuss the matter further, and this case will be decided on its merit.

Appellant takes the position that he should have been allowed to withdraw his plea of guilty because he was in fact not guilty of the acts charged, and he only entered his plea of guilty because his attorney had advised him that if he went to trial he possibly could receive as much as one hundred (100) years if found guilty on all charges. Appellant states this information furnished by his attorney so frightened him that he was willing to plead guilty and receive a forty (40) year sentence to crimes he did not commit rather than run a chance of receiving one hundred (100) years with a jury trial.

We have closely examined the entire transcript on the plea of guilty in this case and find that appellant's contentions are wholly unsubstantiated. The trial judge did an excellent job of questioning appellant in detail as to how the plea agreement had been arrived at, what counseling he had received from his attorney, and the detail of his commission of each of the charged offenses. In each instance, appellant indicated a complete understanding of the plea agreement, the charges made, and freely admitted that he had in fact committed each of the acts alleged in his petition to set aside the plea of guilty.

He indicates that he understood he was to get a twenty (20) year sentence. However, this matter was thoroughly considered at the original guilty plea hearing, and his counsel brought out on examination that there was a time prior to coming to court on the guilty plea that appellant thought he was going to get a twenty (20) year sentence. Counsel reminded him, however, that she had written two letters to him explaining he was to receive a forty (40) year sentence, and he admitted that he understood that at the time of the guilty plea hearing.

At the hearing to withdraw his plea of guilty, his trial counsel brought out the fact that she had advised him that if he stood trial by jury he might well receive a one hundred (100) year sentence. There is nothing in this record to indicate that trial counsel was in error in giving this advice. The fact that appellant may have been

fearful upon receipt of the information of what he faced if he stood trial by jury cannot be considered as coercion as long as the information is factual. A plea of guilty entered due to the threat of a higher sentence does not render the plea involuntary. *Lombardo v. State* (1981), Ind., 429 N.E.2d 243.

In the record presented in this case, it is clear the trial judge did not abuse his discretion in refusing to set aside the plea of guilty.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.