Jeffrey Dean SMITH, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A05–9202–CR–38.

Court of Appeals of Indiana,
Fifth District.

July 22, 1992.

☜274(2)

Michael A. Morrissey, O'Brien & Morris-
sey, Lafayette, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Mary
Dreyer, Deputy Atty. Gen., Indianapolis,
for appellee-plaintiff.

RUCKER, Judge.

Jeffrey Smith pled guilty to charges of
confinement as a Class B felony[1] and in-
timidation as a Class C felony[2] and later
moved to withdraw his pleas at the sen-
tencing hearing. The trial court denied
Smith's motion and entered judgments of

---

1. Ind.Code § 35–42–3–3.

2. Ind.Code § 35–45–2–1.

conviction on Smith's pleas. Smith now appeals his convictions, raising but one issue for our review: whether the trial court abused its discretion in denying Smith's motion to withdraw his guilty pleas.

We affirm.

On April 11, 1991, Smith was charged by information with two counts of confinement while armed with a deadly weapon, two counts of intimidation while armed with a deadly weapon, one count of battery while armed with a deadly weapon and one count of criminal mischief. The information alleged Smith had threatened two individuals with a knife, struck one of the victims, a pregnant woman, in the side with his fist, and later slashed the tires of the woman's car. The probable cause affidavit disclosed Smith admitted to the investigating officers he had slashed the tires but stated he had otherwise acted in self-defense.

On September 9, 1991, pursuant to a plea agreement with the State, Smith pled guilty to one of the confinement counts and one of the intimidation counts. The agreement also called for the remaining counts of this cause to be dismissed, along with all charges against Smith in an unrelated criminal case. At the hearing on Smith's plea the trial court advised Smith of his constitutional rights and also ascertained that: 1) Smith understood the charges against him and the possible sentences if he were convicted of them, 2) Smith's plea was freely and voluntarily made, and 3) there was a factual basis for the plea. The court made no immediate ruling, but rather took the guilty plea and the plea agreement under advisement.

On October 21, 1991, at the beginning of Smith's sentencing hearing, Smith filed a verified motion to withdraw his guilty pleas. The motion asserted the State would not be prejudiced by permitting Smith to withdraw his pleas, and also expressed Smith's preference for having a jury determine his guilt or innocence. The State argued Smith's motion should be denied but agreed there would be no prejudice to the State if the court granted the motion. Smith did not raise any additional grounds for his motion at the hearing. The trial court denied the motion and sentenced Smith to twenty-three years of imprisonment, nine years to be suspended, pursuant to the terms of the plea agreement.

Indiana Code § 35-35-1-4(b) provides that after entry of a plea of guilty, but before imposition of a sentence, the court may allow a defendant, by verified motion, to withdraw his plea for any fair and just reason unless the State would be substantially prejudiced by reliance upon the defendant's plea. *Flowers v. State* (1988), Ind., 528 N.E.2d 57. The statute states that the ruling of trial court on a motion to withdraw a guilty plea is reviewable only for an abuse of discretion. *Id.* However, the court shall allow the defendant to withdraw his plea of guilty whenever the defendant proves withdrawal is necessary to correct a manifest injustice. *Id.*

Accordingly, when the trial court denies a motion to withdraw a guilty plea, we indulge a presumption in favor of the trial court's ruling. *Bewley v. State* (1991), Ind.App., 572 N.E.2d 541. We will not disturb the trial court's ruling where it was based on conflicting evidence; only where the record shows that the trial court has abused its discretion is reversal warranted. *Id.*

Smith asserts the trial court abused its discretion. In support of his position Smith contends: 1) he had a valid defense to the crimes with which he was charged, 2) the trial court had not yet accepted his guilty plea at the time he filed his motion to withdraw the plea, and 3) the State conceded it would not be prejudiced by withdrawal of the plea. Smith argues the denial of a motion to withdraw guilty plea on such facts is contrary to the principles of *Patton v. State* (1987), Ind., 517 N.E.2d 374, *reh. denied.*

There is no merit to the suggestion that *Patton, supra,* is controlling on the present facts. The general rule is that a judge may not accept a plea of guilty when the defendant pleads guilty and maintains his innocence at the same time. *Ross v. State* (1983), Ind., 456 N.E.2d 420. How-

ever, in *Patton, supra,* our supreme court held that a trial court in a capital case must set aside a guilty plea when the defendant protests his innocence at sentencing hearing even though this statement is not made contemporaneously with his plea of guilty. In *Bewley, supra,* the defendant pled guilty at a guilty plea hearing and then later asserted his innocence at the sentencing hearing. We declined to extend the rule of *Patton* to the facts of *Bewley* because the defendant had pled guilty to non-capital crimes. As in *Bewley,* the present case involves non-capital offenses and the rule of *Patton* has no application here.

Rather, Smith had the burden to prove with specific facts that he should be permitted to withdraw his plea. *Owens v. State* (1981), Ind., 426 N.E.2d 372. Although Smith stated to the police he had acted in self-defense, Smith never raised the possibility of this defense at a trial in support of his motion to withdraw his plea of guilty and he may not raise it now to show an abuse of the trial court's discretion. Even if we were to hold otherwise, the existence of a potential defense for a defendant which is based only on his own testimony, taken together with the absence of prejudice to the State and the fact that the court had not yet formally accepted Smith's plea, fails to carry Smith's burden to prove that withdrawal of his plea is necessary to correct a manifest injustice. *See Love v. State* (1987), Ind.App., 514 N.E.2d 339, *trans. denied.*

We note the trial court found Smith gave a factual basis for his plea at his guilty plea hearing, and that his plea of guilty was made freely and voluntarily. Smith has never suggested otherwise. Based on the present facts we cannot conclude that the trial court abused its discretion.

Affirmed.

SHARPNACK and SHIELDS, JJ., concur.