**Randy L. FLETCHER, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A04–9304–CR–135.

Court of Appeals of Indiana, Fourth District.

April 21, 1994.

Richard J. Thonert, Romero & Thonert, Auburn, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

### Case Summary

Appellant-defendant, Randy L. Fletcher ("Fletcher"), appeals his conviction for operating a vehicle while intoxicated, a Class A misdemeanor. We reverse and remand.

### Issue

Fletcher presents two issues for review, which we consolidate and restate as: Was Fletcher entitled to a hearing on his motion to withdraw his guilty plea?

### Facts and Procedural History

On November 15, 1992, Fletcher was charged with operating while intoxicated, a Class A misdemeanor.

Fletcher appeared in the Allen Superior Court on November 16, 1992, for his initial hearing. He viewed a televised advisement of rights shown to all defendants before the commencement of court. At his individual hearing, Fletcher informed the court that he understood the charge and his rights, and that he wished to plead guilty to operating a vehicle while intoxicated. The trial court accepted Fletcher's guilty plea.

The trial court conducted the sentencing hearing on December 17, 1992. On the same day as the hearing, Fletcher filed a motion to withdraw his guilty plea. The trial court denied the motion without conducting a hearing. Fletcher was sentenced to one year, suspended on the condition that he complete an alcohol countermeasures program.

### Discussion and Decision

Fletcher contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea without holding a hearing. He argues that he did not understand the nature of the offense, that he did not make his guilty plea knowingly or intelligently, and that there was no factual basis to support his guilty plea.

The decision whether to grant or deny a motion to withdraw a guilty plea rests within the sound discretion of the trial court. *Bewley v. State* (1991), Ind.App., 572 N.E.2d 541, 543, *trans. denied.* Where a trial court denies such a motion, we indulge a presumption in favor of its ruling. *Id.* Reversal is warranted only when the record shows that the trial court has abused its discretion. *Id.* Further, if the defendant maintains his innocence at a hearing after the guilty plea but prior to sentencing, the trial court, in its discretion, may decline to set aside the plea. *Id.* at 544.

Under Ind.Code § 35–35–1–4(b), "the court shall allow the defendant to withdraw his plea of guilty . . . whenever the defendant

proves that withdrawal of the plea is necessary to correct a manifest injustice."

The trial court denied Fletcher's motion to withdraw his guilty plea without holding a hearing. By summarily denying the motion, the trial court denied Fletcher the opportunity to prove that withdrawal of his plea was necessary to correct a manifest injustice. A defendant has the burden to prove with specific facts that he should be permitted to withdraw his plea. *Smith v. State* (1992), Ind.App., 596 N.E.2d 257, 259. However, a defendant cannot meet this burden when not allowed to present evidence to the trial court. Therefore, we find the trial court abused its discretion in summarily denying Fletcher's motion to withdraw his guilty plea. Fletcher is entitled to an evidentiary hearing on his motion, regardless of whether he can successfully prove that withdrawal of the plea is necessary.

We reverse the summary ruling of the trial court and remand for a hearing on Fletcher's motion to withdraw guilty plea.

HOFFMAN, J., concurring with separate opinion.

BAKER, J., dissenting with separate opinion.

HOFFMAN, Judge, concurring.

I concur in the majority opinion.

IND.CODE § 35–35–1–4(b) requires that the motion to withdraw the plea of guilty shall be in writing and verified. It must also state facts in support of the relief demanded. In this case, Fletcher filed such a motion. That was the only pleading or evidence before the trial court. The State did not file a counter-affidavit which is permitted under the statute. The record clearly shows that the trial court did not view the guilty plea transcript. *Cf. Bewley v. State* (1991), Ind. App., 572 N.E.2d 541, 544–545 *trans. den.* (trial court which reviewed guilty plea transcript did not err in failing to grant motion to withdraw guilty plea).

Therefore, this cause should be remanded and the trial court to receive further evidence or grant the withdrawal of the guilty plea.

BAKER, Judge, dissenting.

I respectfully dissent. I disagree with the majority's conclusion that the trial court must hold an evidentiary hearing when a defendant files a motion to withdraw a guilty plea. IND.CODE 35–35–1–4(b) does not expressly provide or require that the trial court conduct a hearing on a defendant's motion to withdraw his guilty plea. I.C. 35–35–1–4(b) provides:

> After entry of a plea of guilty ... but before imposition of sentence, the court may allow the defendant by motion to withdraw his plea of guilty ... for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea. The motion to withdraw the plea of guilty ... under this subsection shall be in writing and verified. The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However the court shall allow the defendant to withdraw his plea of guilty ... whenever the defendant proves that withdrawal of the plea is necessary to correct manifest injustice.

The majority concludes that a defendant cannot meet his burden of presenting specific facts to establish that withdrawal of his plea is necessary to correct a manifest injustice unless the trial court allows him to present evidence at a hearing. I disagree. Not only may a defendant present specific facts to support his motion to withdraw his guilty plea in the written, verified motion itself, but he is required to do so. *See* I.C. 35–35–1–4(b). The defendant may also provide the court with written sworn statements to support his motion. *Hewitt v. State* (1980), Ind. App., 403 N.E.2d 882, 884. However, the trial court is not required to believe the defendant's claims. *Id.* In addition, the fact that I.C. 35–35–1–4(b) provides that the State may file counter-affidavits in opposition to a defendant's motion further supports the position that a hearing is not mandatory and that the trial court may consider written submissions.

Likewise, case law does not expressly or necessarily imply that the trial court must conduct a hearing before denying a motion to withdraw a guilty plea. In fact, we have previously upheld trial court decisions denying motions to withdraw guilty pleas where the trial court did not conduct a hearing in circumstances strikingly similar to the ones here. *See e.g. Smith v. State* (1992), Ind. App., 596 N.E.2d 257, 259 (defendant filed a verified motion to withdraw his guilty plea at the sentencing hearing; the court denied the motion and then sentenced defendant); *Davis v. State* (1992), Ind.App., 580 N.E.2d 990, *trans. denied; Hewitt,* at 884.

Even in reviewing cases in which the trial court conducted a hearing on defendant's motion to withdraw his guilty plea, we have stated that "[a] court may deny a motion for withdrawal of plea after the guilty plea hearing, if it finds that the plea was supported by a sufficient factual basis and was freely, knowingly, and voluntarily entered." *Bewley v. State* (1991), Ind.App., 572 N.E.2d 541, 544, *trans. denied.* In order to determine whether there is a factual basis to support the plea and that the plea was freely and voluntarily entered, the court is required to review the guilty plea transcript only. *Id.* at 544–45. Thus, a hearing on the motion to withdraw the guilty plea is not only not statutorily required, but it would also not be helpful.

Our duty on appeal is to examine the entire transcript on the plea of guilty to determine if there is evidence of probative value to support the trial court's factual determinations, and thus, its denial of the motion. *See Watson v. State* (1988), Ind., 526 N.E.2d 701, 702; *Hewitt,* at 884. Therefore, a hearing on the motion to withdraw a guilty plea would not aid in appellate review.

We may affirm as long as the record supports the trial court's explicit or implicit findings that (1) there was a factual basis to support the defendant's guilty plea, and (2) the defendant knowingly, voluntarily, and intelligently entered his plea. *See Hewitt,* at 885. We will reverse the trial court's decision only for an abuse of discretion. I.C. 35–35–1–4(b).

The record supports a finding by the trial court that there was an adequate factual basis to support Fletcher's plea and that Fletcher voluntarily and intelligently pled guilty.[1] *See Hewitt,* at 885. The trial court did not abuse its discretion in summarily denying Fletcher's motion to withdraw his guilty plea because a hearing was not required nor would it have added anything to the trial court's review or appellate review.

I would affirm the trial court.

---

1. After the trial judge questioned Fletcher to determine that he previously had been advised of his rights and had voluntarily and freely waived them, he expressed his displeasure with Fletcher's request for a hearing by ordering him to "Shut up and get out of here." This comment falls in the category of those described in *Love v.* *State* (1987), Ind.App., 514 N.E.2d 339, 344, as remarks that "would have been better left unsaid." As in *Love,* though, no prejudice is shown because the judge's statement occurred after the denial of the motion to withdraw the guilty plea. *Id.*