**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

FILED

May 30 2013, 9:16 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS C. ALLEN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AARON WIEGAND, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1210-CR-502 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1206-FB-93

**May 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Aaron Wiegand appeals the denial of his petition to withdraw his guilty pleas for unlawful possession of a firearm by a serious violent felon as a class B felony and criminal recklessness as a class C felony. Wiegand raises the issue of whether the trial court abused its discretion in denying his request to withdraw his guilty pleas. We affirm.

PROCEDURAL HISTORY

On June 7, 2012, the State charged Wiegand with unlawful possession of a firearm by a serious violent felon as a class B felony and criminal recklessness as a class C felony.[1] The State and Wiegand entered into a plea agreement dated August 8, 2012, pursuant to which Wiegand agreed to plead guilty as charged and the State agreed that Wiegand would be sentenced to fourteen years with six years suspended for the class B felony and to five years for the class C felony, that Wiegand would be placed on probation for two years following the executed portion of his sentence, and that the sentences would run concurrent with each other.

On August 8, 2012, the court held a guilty plea hearing at which Wiegand pled guilty as charged pursuant to the plea agreement, and the court scheduled a sentencing hearing for September 7, 2012. At the start of the September 7, 2012 hearing, Wiegand

---

[1] The information charging Wiegand with unlawful possession of a firearm by a serious violent felon alleged that, "[o]n or about May 23, 2012, [Wiegand], a serious violent felon, did knowingly or intentionally possess a firearm," and the information charging Wiegand with criminal recklessness alleged that, "[o]n or about May 23, 2012, [Wiegand], did while armed with a deadly weapon, to wit: a firearm, recklessly, knowingly, or intentionally perform an act which created a substantial risk of bodily injury to another person, to wit: Cortez Harris, by discharging said firearm at and/or in the direction of [] Harris, who was located in a place where people are likely to gather . . . ." Appellant's Appendix at 32, 34.

2

indicated that he desired to withdraw his guilty pleas, and the court provided deadlines for Wiegand to file a written request and for the State to file a response.

On September 11, 2012, Wiegand filed a Verified Petition to Withdraw Guilty Pleas arguing that he "wanted to take depositions of certain of the State's witnesses to help establish his innocence," that "[i]n the meantime, [his] brother was incarcerated, and [his] financial assistance went away with him," and that "[w]ith [his] trial date approaching and an inability in [his] mind to be properly prepared for trial in this case, [he] felt pressured to accept the plea agreement offered by the State, so [he] signed the agreement and entered pleas of guilty in the belief that it was [his] only option." Appellant's Appendix at 12. Wiegand maintained that he was innocent of the charges and that there was no evidence to support an argument that the State had been substantially prejudiced by reliance upon his improper entry of pleas of guilty. On September 17, 2012, the State filed a response to Wiegand's petition in which it stated that it expected "to establish by evidence at the hearing . . . that the victim [Cortez Harris] of [Wiegand's] alleged offense of criminal recklessness was shot to death approximately three (3) days after [Wiegand] entered his plea of guilty" and that a "reasonable inference from this fact . . . is that [Wiegand] wishes to withdraw his guilty plea not because he is actually innocent, but because the victim is dead and [Wiegand] thinks this would make it more difficult for the State to prove its case." Id. at 18.

On September 20, 2012, the court held a hearing on Wiegand's petition to withdraw his guilty pleas at which the State presented the testimony of Fort Wayne Police Officer Thomas Strausborger and the parties presented arguments. Following

3

arguments, the court denied Wiegand's request to withdraw his guilty plea. The court sentenced Wiegand to concurrent terms of fourteen years with six years suspended and two years of probation for his conviction for unlawful possession of a firearm by a serious violent felon as a class B felony and five years for his conviction for criminal recklessness as a class C felony.

## DISCUSSION

The issue is whether the trial court abused its discretion in denying Wiegand's petition to withdraw his guilty pleas. Ind. Code § 35-35-1-4(b) governs motions to withdraw guilty pleas filed after a defendant has pled guilty but before the trial court has imposed a sentence. The trial court must allow a defendant to withdraw a guilty plea if "necessary to correct a manifest injustice." Brightman v. State, 758 N.E.2d 41, 44 (Ind. 2001) (quoting Ind. Code § 35-35-1-4(b)). By contrast, the trial court must deny the motion if withdrawal of the plea would "substantially prejudice" the State. Id. (quoting Ind. Code § 35-35-1-4(b)). In all other cases, the trial court may grant the defendant's motion to withdraw a guilty plea "for any fair and just reason." Id. (quoting Ind. Code § 35-35-1-4(b)).

"Manifest injustice" and "substantial prejudice" are necessarily imprecise standards, and an appellant seeking to overturn a trial court's decision faces a high hurdle under the current statute and its predecessors. Coomer v. State, 652 N.E.2d 60, 62 (Ind. 1995). "The trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling." Id. We will reverse the trial court only for an abuse of discretion. Id. In determining whether a trial court has abused its

4

discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered "freely and knowingly." Id. See also Davis v. State, 770 N.E.2d 319, 326 (Ind. 2002) (holding that a trial court's decision on a request to withdraw a guilty plea is presumptively valid, and a party appealing an adverse decision must prove that the court has abused its discretion), reh'g denied.

Wiegand contends that he presented evidence that there was a fair and just reason to grant his petition to withdraw his guilty pleas and that he testified at the September 7, 2012 hearing that there was a witness he believed needed to be deposed, that he believed he lost the financial ability to have the deposition taken by his private counsel when his brother became incarcerated, and that the deadline to accept the plea agreement put additional pressures on him and overcame his free will. Wiegand argues that there was no evidence that the State would have been prejudiced by the withdrawal of the guilty plea, that the untimely death of the victim of the gunshot did not create any prejudice as the victim would not have been able to identify Wiegand as the person who fired the shots but only that he had been shot, and that the State had other witnesses which were to be used to identify him as the perpetrator.

The State argues that Wiegand has not shown that the denial of his petition resulted in manifest injustice and that the trial court was not required to believe Wiegand's representations that the guilty plea was the result of undue pressure. The State also argues that the State would have suffered substantial prejudice if Wiegand was permitted to withdraw his pleas, that the State presented evidence that the victim, Cortez

5

Harris, was killed in a manner the prosecutor described as an execution three days after Wiegand's guilty plea, that the circumstances of Harris's death made other witnesses reluctant to testify, and that, while there may have been other avenues for the State to prove Wiegand's guilt, this change in circumstances following the guilty plea hearing significantly complicated the State's ability to prosecute the case.

The record reveals that at the August 8, 2012 guilty plea hearing, Wiegand indicated that he had never been treated for any mental illness and to his knowledge did not suffer from any mental or emotional disability and that he was not under the influence of alcohol or drugs that would affect his understanding of the proceedings. The court questioned Wiegand regarding his understanding that he would be giving up certain rights by pleading guilty, including the right to face all witnesses against him and to see, hear, question, and cross-examine these witnesses, and Wiegand indicated that he understood these rights. The trial court then asked Wiegand whether he understood various constitutional rights, and Wiegand responded that he understood those rights. The court asked Wiegand whether he understood that by pleading guilty to an agreement calling for a specific term of years he waived his right to appeal the sentence, and Wiegand responded affirmatively. The trial court recited the information against Wiegand, the State's burden of proof, and the range of penalties and possible fines.

The court also recited the terms of the plea agreement signed by Wiegand, including the terms related to the sentences which would be imposed with respect to each conviction. When questioned by the court, Wiegand indicated that no one had forced or threatened him to cause him to plead guilty to the charges and that his plea of guilty was

his own free and voluntary act. Wiegand admitted that, on May 23, 2012, he was in Fort Wayne, Allen County, Indiana, that on that day he was in possession of a firearm, and that on that date he was, based on a prior felony conviction, classified as a serious violent felon. Wiegand further admitted that he fired the firearm at or in the vicinity of a person named Cortez Harris, that he recklessly, knowingly, or intentionally fired the firearm creating a substantial risk of bodily injury to Harris, and that at the time Harris had been present at an apartment complex in an area where a number of people were gathered. The court admitted into evidence an exhibit containing a certified copy of Wiegand's prior conviction as part of the factual basis for Wiegand's plea of guilty to unlawful possession of a firearm by a serious violent felon. The court found that Wiegand understood the nature of the charges against him, understood the possible sentences and fines thereunder, that his plea was freely and voluntarily made, and that the plea was accurate and there was a factual basis for the plea.

At the September 7, 2012 hearing, Wiegand indicated that he desired to withdraw his guilty plea. The prosecutor stated that the State believed that Wiegand's "newly desired plea of innocence is based upon the fact that Cortez Harris was executed subsequent to his plea of guilty in this matter so he's no longer available" and that the State "does have other witnesses but the plea was entered into with the evaluation of the likelihood that witnesses would come forward and cooperate." September 7, 2012 Transcript at 5. Wiegand testified in part that "[u]nder the circumstances [he] [was] innocent," that at the time he signed the plea agreement he "was under a lot of pressure and stress," that the prosecutor "gave [him] a two day deadline and it was either that or

7

trial and [he] only had two weeks for trial," that he "felt like [he] wasn't ready for trial," that he "didn't get to do [his] depositions like [he] wanted to because [his] brother got locked up and was means for paying [Wiegand's] lawyer for trial," and that he "signed the plea under the impression that [] was [his] only option." Id. at 7. The court asked Wiegand whether he was lying when he signed the plea agreement and when he pled guilty under oath on August 8, 2012, and Wiegand responded "Well I did if I didn't commit them crimes" and that he did not commit the crime. Id. at 9.

At the September 20, 2012 hearing, Police Officer Thomas Strausborger testified that he was one of the investigating officers of the shooting that occurred on May 23, 2012, at the apartment complex where Cortez Harris had been shot. Officer Strausborger testified that Wiegand had been identified as the shooter by various witnesses and that police were looking at the shooting as gang related. Officer Strausborger testified that Harris was the victim of a homicide which occurred on August 11, 2012, that he assisted with the investigation of the homicide, that the homicide was investigated as gang related, and that police "felt it kind of odd that the victim of the original shooting that was going to be a possible witness in a trial was a victim of a homicide." September 20, 2012 Transcript at 8.

Officer Strausborger further testified that police had video footage of the shooting of Harris which showed that a vehicle pulled up alongside Harris, that Harris exited his vehicle, and that there was a single gunshot to Harris's face. Officer Strausborger testified that, prior to the August 11, 2012 death of Harris, he had been working with the various witnesses who would be testifying against Wiegand and that, while they were

8

hesitant, he believed they were going to be cooperative. Officer Strausborger testified that he had contact with the witnesses since the death of Harris on August 11, 2012, and, when asked if the witnesses are still expressing the same degree of cooperation, testified that one of the witnesses was a juvenile and his mother was extremely fearful for her son and that the other witnesses were very hesitant. Officer Strausborger indicated that in his opinion he could not assure the court that those witnesses would come forward and testify. On cross-examination, Officer Strausborger indicated that Harris was not an identification witness in the case but a witness to the fact that he had been shot and received treatment at the hospital and that the other witnesses in the case were the identification witnesses. Wiegand's counsel argued in part that Harris was not an identification witness, that the other witnesses are still available, and that the "alleged prejudice . . . arises to no more th[a]n speculation at this juncture . . . ." Id. at 15. The prosecutor argued that Harris was brutally murdered in an apparent act of an intentional homicide, that Wiegand was not pressured into entering his plea of guilty, that Wiegand's defense counsel never communicated anything about needing depositions, that there were three or four witness that were going to identify Wiegand, and that "[y]ou can't tell" the witnesses that their lives are "not in danger." Id. at 20. The court found that Wiegand's self-serving statements did not support a withdrawal of his guilty pleas and that Wiegand did not carry his burden to demonstrate a manifest injustice if the court did not allow him to withdraw his pleas of guilty.

A defendant has the burden to prove by a preponderance of the evidence and with specific facts that he should be permitted to withdraw his plea. Ind. Code § 35-35-1-4(e);

9

Smith v. State, 596 N.E.2d 257, 259 (Ind. Ct. App. 1992). We observe that Wiegand essentially contends that he lied under oath at the guilty plea hearing. The court was permitted to find Wiegand's testimony at the hearing on his petition to withdraw to be less than credible. See Gipperich v. State, 658 N.E.2d 946, 949 (Ind. Ct. App. 1995) (holding that "[t]he trial court did not abuse its discretion in determining that [the defendant's] self-serving statements after the guilty plea hearing were incredible and constituted an attempt to manipulate the system" where the defendant alleged that he had lied at the plea hearing when he admitted to the charges), trans. denied.

We also observe that Wiegand succeeded in convincing the court at the guilty plea hearing that he knew what he was doing when he pled guilty and that his decision was not prompted by undue pressure or coercion. While there is always some chance that a defendant might give less than candid responses, we cannot say under the circumstances presented that the contradiction between Weigand's testimony at the guilty plea hearing and his subsequent claims of undue pressure, coercion, and an inability to depose certain witnesses due to time or financial restraints as described by Wiegand present the factual basis necessary to overcome the presumption favoring the trial court's ruling. See Coomer, 652 N.E.2d at 62-63 (noting that the defendant's testimony did not provide the necessary factual basis to overcome the presumption favoring the trial court's ruling where there was a contradiction between the defendant's testimony at the guilty plea hearing and his subsequent claims of coercion); see also Brightman, 758 N.E.2d at 46 (holding that the trial court did not abuse its discretion in denying the defendant's request to withdraw his guilty plea where the trial court observed the defendant's testimony at the

10

guilty plea hearing and the hearing on his request to withdraw and found that his testimony at the latter was not credible).

Based upon our review of the record, we conclude that Wiegand has not overcome the presumption of validity accorded the trial court's denial of his petition to withdraw his guilty pleas. Such a denial was within the discretion of the court, and we cannot say its refusal to allow Wiegand to withdraw his guilty pleas constitutes manifest injustice. See Coomer, 652 N.E.2d at 63 (holding that "Coomer has not overcome the presumption of validity accorded the trial court's denial of his motion to withdraw his guilty plea" and that "[s]uch a denial was within the discretion of the court, and we cannot say its refusal to allow Coomer to withdraw his guilty plea constitutes manifest injustice.").

CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of Wiegand's petition to withdraw guilty pleas.

Affirmed.

RILEY, J., and BRADFORD, J., concur.

11