

FILED

Jun 28 2019, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua E. Asher,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 28, 2019

Court of Appeals Case No.
18A-CR-2679

Appeal from the Brown Circuit
Court

The Honorable Judith A. Stewart,
Judge

Trial Court Cause No.
07C01-1608-F1-353

**May, Judge.**

[1]     Joshua E. Asher pled guilty to two counts of Level 1 felony attempted murder.[1]

Before the imposition of his sentence, Asher filed a motion to withdraw his

---

[1] Ind. Code § 35-42-1-1 (murder); Ind. Code § 35-41-5-1 (attempt).

guilty pleas, and the trial court denied his motion. Asher argues the denial was an abuse of discretion because his pleas were not entered knowingly and voluntarily. Finding no abuse of discretion, we affirm.

## Facts and Procedural History

[2] On August 24, 2016, Asher was charged with two counts of Level 1 felony attempted murder. On April 20, 2018, Asher entered pleas of guilty. On May 31, 2018, a pre-sentence investigation report was filed with the court. The report indicated Asher wanted to withdraw his guilty pleas. On June 15, 2018, Asher filed his amended motion to set aside the plea agreement and set the case for a jury trial. The only rationale stated for his motion was that Asher did not believe "he had the specific intent necessary to be guilty of attempted murder." (Appellant's App. Vol. II at 145.)

[3] On July 6, 2018, the State filed its response, which asserted granting the withdrawal would substantially prejudice the State because the State was prepared to take this matter to jury trial on April 30, 2018. Attached to the State's response were three witness counter-affidavits asserting facts in opposition to Asher's motion to set aside his guilty pleas.

[4] On July 13, 2018, the court conducted a hearing on Asher's motion. On July 19, 2018, the trial court denied Asher's motion because "[he] failed to prove the existence of a fair and just reason for withdrawal of [his] guilty plea." (*Id*. at 163.) In so determining, the trial court found:

The court does not take lightly a denial of a request to withdraw a guilty plea, particularly to crimes of this magnitude. Even aside from the specific language of I.C. 35-35-1-4(c), it is fundamental that a guilty plea must be knowingly and voluntarily entered. The court found and continues to find that Mr. Asher's guilty pleas were in fact knowingly and voluntarily made.

On April 23, 2018, the defendant pled guilty to two counts of attempted murder. The defendant was represented by Mr. Moore. The court accepted the plea and found the defendant guilty of Count 1, attempted murder a Level 1 felony and Count 2, attempted murder a Level 1 felony. The plea agreement called for the dismissal of the remaining counts, but left sentencing to the court's discretion with the State agreeing not to take a position with respect to whether the sentences on the two counts would run concurrently or consecutively. The court took sentencing under advisement, ordered a presentence investigation report and set the case for sentencing on June 7, 2018.

* * * * *

In his amended verified motion to withdraw his plea of guilty, Mr. Asher raised one reason for withdrawing his guilty plea, "[t]hat after the guilty plea hearing, based upon his recollection of the alleged events and upon his understanding of the concept of specific intent, Mr. Asher does not believe he had the specific intent necessary to be guilty of attempted murder." No additional affidavits or hearing testimony was offered to amplify or further explain this assertion.

At the guilty plea hearing, the court read the charges to the defendant, including the portion of each count that charged the defendant with attempting to commit the crime of murder by engaging in conduct, that is "knowingly or intentionally shoot with intent to kill," each victim. For each count, the defendant

stated he understood that by pleading guilty he was admitting those facts. For each count, the court asked if the defendant understood that he could not be convicted unless the State proved those elements, "including the specific intent to kill," and the defendant responded "yes." When defense counsel was asked if he was aware of any legal reason Mr. Asher should not plead guilty, he responded negatively.

The court then requested an additional factual basis, and defense counsel made inquiry of the defendant. During the factual basis questioning, Mr. Asher agreed that he discharged a firearm; that the bullets he fired struck both victims; that when he fired the shots, he intended to hit both victims; that when he was firing the shots he was walking, his aim was not steady and he did not know precisely where the bullets were going to hit the victims. He agreed that if the bullets had killed the victims it would be murder; that he fired the shots in the direction of each victim and the bullets hit each victim; and that shooting the victims was a substantial step toward what would have been murder if the victims had been killed.

Because the questions seemed calculated to avoid a specific inquiry as to whether Mr. Asher intended to kill the victims when he shot them, the court further inquired, asking, "Mr. Asher, we've already covered this but I just want to make sure you understand. Are you admitting that on or about August 23, 2016, in Brown County Indiana you attempted to commit the crime of murder, which is to knowingly kill another human being, Count 1 being Angel Mack and Count 2 being Nicole Hillen, by engaging in conduct that is knowingly or intentionally shoot with the intent to kill, which conduct constituted a substantial step toward the commission of the crime of murder?", The defendant responded "yes." The court then asked "and did you do that with both Angel Mack and Nicole Hillen?" and again the defendant responded "yes." The court indicated it found the factual basis sufficient, stating "[the defendant] has

indicated the specific intent to kill he understands has to be proven by the State as well as admitting it in the charging information. Any other concerns there Mr. Moore? Anything else you wish to…?" Neither defense counsel nor the defendant raised any concerns with the requirement for specific intent to kill. The discussion then turned to a somewhat lengthy inquiry about the return of certain personal property under the terms of the plea agreement. Toward the conclusion of the hearing, and prior to accepting the defendant's guilty pleas, the court returned to the factual basis because of the court's concern that the questions asked of Mr. Asher by counsel during the factual basis seemed to avoid the issue of specific intent to kill. Prior to accepting Mr. Asher's guilty pleas, the court stated, "And, I'm gonna' go back to the factual basis because there seems some hesitation in terms of what he's.. [sic] or not hesitation but vagueness in terms of actually what was (sic) admitting. And Mr. Asher, are you admitting that on August 23 you attempted to commit the crime of murder against Angel Mack and also against Nicole Hillen by engaging in conduct that took a substantial step toward the commission of murder that conduct being knowingly or intentionally shooting Angel Mack and Nicole Hillen with the intent to kill? Do you admit?" Defendant stated, "yes." The court then accepted the defendant's guilty plea and found him guilty of both counts of attempted murder.

At the guilty plea hearing, the defendant agreed six (6) different times that he was either admitting the facts charged including the intent to kill or he understood that if he went to trial the State would have to prove the elements of the crime including the specific intent to kill. Although the questions asked of the defendant during the factual basis laid by counsel did not include a direct question of "did you intend to kill Angel Mack and Nicole Hillen," the court recognized this issue or "vagueness" and twice more asked the defendant if he was admitting he knowingly or intentionally shot the victims with the intent to kill. He responded affirmatively. At the guilty plea hearing, the

defendant never denied that he intended to kill the victims. Moreover, even his current claim of lack of specific intent to kill raises only a general assertion that upon his recollection of events and upon "his understanding of the concept of specific intent, he does not believe he had the specific intent necessary to be guilty of attempted murder." At the hearing, counsel argued that specific intent to kill is a confusing concept particularly to a lay person. He stated he had talked with Mr. Asher about the issue of specific intent to kill and counsel thought there was a point at which the defendant felt, "OK, I can take this plea and not be lying, alright. …Upon reflection, though, sleeping on it if you will, Mr. Asher no longer felt he had that specific intent."

Having considered the evidence and arguments presented at the July 13, 2018 hearing, as well as the State's counter-affidavits including a sworn statement of one victim that the defendant told her she was going to die and that he stated to the other victim, "die bitch," the court finds the defendant has failed to prove the existence of a fair and just reason for withdrawal of the defendant's guilty plea.

(*Id.* at 160-63.)[2]

[5] On August 17, 2018, Asher was sentenced to consecutive thirty-year terms on each of the two counts. Five years of each sentence were suspended, and those ten years were to be served on probation after completion of his executed sentence.

---

[2] We thank the trial court for its thorough, informative, and well-written order, which greatly assisted our consideration of Asher's claims.

# Discussion and Decision

[6] Asher asserts the trial court abused its discretion in denying his motion to withdraw his guilty pleas. The trial court "is *required* to grant such a request only if the defendant proves that withdrawal of the plea 'is necessary to correct a manifest injustice.'" *Coomer v. State*, 652 N.E.2d 60, 61-62 (Ind. Ct. App. 1999) (quoting Ind. Code § 35-35-1-4(c) (1986)) (emphasis in original). Rulings on motions to withdraw guilty pleas are presumptively valid, and parties appealing an adverse decision must prove the court has abused its discretion. *Davis v. State*, 770 N.E.2d 319, 326 (Ind. 2002), *reh'g denied*. When evaluating Asher's arguments on this point, "'we will not disturb the ruling where it was based on conflicting evidence.'" *Weatherford v. State*, 697 N.E.2d 32, 34 (Ind. 1998) (quoting *Smith v. State*, 596 N.E.2d 57, 258 (Ind. Ct. App. 1992)), *reh'g denied*.

[7] Asher maintains the trial court abused its discretion because: (1) his pleas were not voluntary when he did not understand the nature of the charges against him, and (2) the State was not substantially prejudiced by reliance upon his guilty plea. We address each separately, beginning with the second.

[8] Asher contends the State was not substantially prejudiced by reliance upon his guilty plea. However, lack of prejudice to the State did not mean the trial court was required to grant his motion; it meant only that the court retained discretion to grant his motion "for any fair and just reason[.]" *See* Ind. Code § 35-35-1-4(b) ("the court may allow the defendant by motion to withdraw his

plea of guilty . . . for any fair and just reason unless the state has been substantially prejudiced by reliance on the defendant's plea"). Moreover, as a factual matter, the trial court did not deny Asher's motion based on the State's reliance on Asher's guilty plea. Rather, the court considered the evidence and arguments presented at the July 13, 2018, hearing and determined Asher "failed to prove the existence of a fair and just reason for withdrawal of the defendant's guilty plea." (Appellant's App. Vol. II at 163.) We turn to the validity of that finding next.

[9]  During the guilty plea hearing, the court asked Asher multiple times whether he attempted to commit the crime of murder, which is to knowingly kill another human being, by knowingly or intentionally shooting with the intent to kill, which constitutes a substantial step toward the commission of the crime of murder. (Tr. Vol. I at 7; Tr. Vol. I at 13; Tr. Vol. I at 16). Asher answered in the affirmative every time. When asked if he understood he would be admitting he committed the crime as charged, Asher answered in the affirmative. When asked if he understood that he could not be convicted unless the State proved the elements of the counts—including the specific intent to kill—Asher answered in the affirmative. When asked if he understood that by pleading guilty, he would be judged guilty and sentenced without any trial, Asher answered in the affirmative. At no point during the hearing did Asher mention not understanding the nature of the charges against him. Thus, the record indicates Asher understood the nature of the charges against him before his guilty plea. Moreover, Asher's counsel discussed the requisite intent for

attempted murder with Asher before he pled guilty to both counts. (Tr. Vol. I at 47) (counsel stated, "I spoke with Mr. Asher about [specific intent]. I think there was a point that he felt okay, I can take this plea and not be lying"). The trial court was well within its discretion in determining that no fair and just reason supported withdrawal of Asher's guilty pleas.[3] *See Johnson v. State*, 734 N.E.2d 242, 246 (Ind. 2000) (finding no abuse of discretion in denial of motion to withdraw guilty plea to murder where Johnson did not protest his innocence until sentencing hearing).

## Conclusion

[10] The trial court did not abuse its discretion when it denied Asher's motion to withdraw his guilty pleas. Accordingly, we affirm.

[11] Affirmed.

Mathias, J., and Brown, J., concur.

---

[3] As Asher did not demonstrate a fair and just reason supported withdrawal of his pleas, he also could not have met the higher standard of "manifest injustice," pursuant to which the trial court would not have had discretion to deny Asher's motion. *See* Ind. Code § 35-35-1-4(b) ("the court shall allow the defendant to withdraw his plea . . . whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice").