Roland C. CARPENTER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 484S156.

Supreme Court of Indiana.

Jan. 2, 1986.

Sheila Suess Kennedy, Mears, Crawford, Kennedy & Eichholtz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was charged with attempted murder, a class A felony, Ind. Code §§ 35-42-1-1, 35-41-5-1 (Burns 1979 Repl.), robbery, a class A felony, Ind.Code § 35-42-5-1 (Burns 1979 Repl.), confinement a class B felony, Ind.Code § 35-42-3-3 (Burns 1982 Cum.Supp.), resisting law enforcement, a class D felony, Ind.Code § 35-44-3-3 (Burns 1982 Cum.Supp.), and carrying a handgun without a license after having been convicted of the same offense, a class D felony, Ind.Code §§ 35-23-4.1-18, 35-23-4.1-3 (Burns 1979 Repl., subsequently amended and recodified at Ind.Code §§ 35-47-2-23, 35-47-2-1 [Burns 1985 Repl.]). Following a bench trial, the trial court convicted him of the lesser-included

offense of class B felony robbery, confinement and carrying a handgun without a license as charged. At sentencing the court vacated the conviction for confinement, then sentenced Defendant to consecutive terms totalling twenty-four (24) years imprisonment for the robbery and handgun convictions.

We restate the issues raised in this direct appeal as follows:

1. Whether the trial court erred in refusing to allow trial counsel to withdraw, and whether Defendant was provided with adequate representation by counsel.

2. Whether the composite 24-year sentence is manifestly unreasonable.

We affirm the convictions and sentence.

The Defendant and two other men were involved in the robbery of a restaurant in Indianapolis. A gun battle with police ensued and four (4) persons, including Defendant and a police officer, were wounded. Defendant, however, did not fire during the incident.

### ISSUE I

After discovery and other pretrial procedures were well under way, but several months before trial, Defendant's trial counsel, a public defender, requested permission to withdraw, apparently at Defendant's request. The reasons for the request were not entirely clear, but apparently involved a complaint by Defendant that counsel should have more "communication" with him. The trial court denied the request to withdraw, which Defendant now claims was error. We do not agree.

■ An indigent defendant has the right to representation by counsel, but has no right to representation by counsel of his choice. Accordingly, the trial court may refuse a motion for permission to withdraw if the court determines that there will be a resultant delay in the administration of justice, and the trial court's decision in this regard is left to its sound discretion. *See, e.g. Flick v. State* (1983), Ind., 455 N.E.2d 339, 341.

■ The trial court did not abuse its discretion in this case. Various procedures to bring the case to trial were already in progress when the request was made. Defendant has made no showing of prejudice stemming from counsel's performance, and at sentencing stated that he was satisfied with trial counsel's representation. The trial court did not abuse its discretion in denying the motion for permission to withdraw.

■ Defendant also contends that he was not provided with adequate representation by trial counsel, but there is no merit to this contention.

This Court now reviews claims of ineffective assistance of counsel under the two-step test posited by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and integrated into our caselaw beginning with *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291, 1294–97.

"Under the first step, or 'performance component,' the defendant must demonstrate that the alleged acts or omissions by counsel fell outside the wide range of competent professional assistance. A strong presumption exists that counsel rendered adequate legal assistance. If the defendant satisfies step one of the test, he then must establish the second step, or 'prejudice component,' under which the defendant will be entitled to relief only if the reviewing court determines that counsel's errors had an adverse effect upon the judgment." (Citations omitted.)

*Richardson v. State* (1985), Ind., 476 N.E.2d 497, 501. However, even in applying the *Strickland* test we have emphasized that isolated mistakes, poor strategy or bad tactics do not necessarily constitute ineffective assistance by counsel. *Lawrence,* 464 N.E.2d at 1295.

In this case trial counsel and the State prepared and entered a stipulation concerning Defendant's involvement in the incident. Defendant now claims that this stipulation was an egregious admission of his guilt and therefore serious error by coun-

sel. We cannot accept this contention because the record demonstrates that counsel's decision to enter the stipulation was entirely a matter of strategy and tactics, fully justified under the circumstances. The State had overwhelming evidence of Defendant's participation in the robbery. In view of a possible sentence of 128 years, had Defendant been convicted on all the charges initially brought against him, trial counsel may well have decided to stipulate Defendant's involvement in some, but not all, of the acts which led to the charges. This strategy was borne out as Defendant was ultimately convicted of but one charged crime and a lesser-included offense of another. Defendant has demonstrated no error in counsel's performance.

## ISSUE II

■ Defendant contends that the 24-year total sentence is manifestly unreasonable. We disagree.

Rule 2 of the Ind.Rules for the Appellate Review of Sentences provides:

"(1) The reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender.

(2) A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed."

In rejecting a contention that a sentence was manifestly unreasonable this Court recently stated:

"Within the parameters of applicable sentencing statutes, the trial court is vested with wide discretion to determine whether the presumptive sentence will be enhanced because of aggravating factors involving the particular defendant or crime, and whether the terms of imprisonment stemming from multiple convictions shall be served concurrently or consecutively. *See* Ind.Code § 35–50–1–2 (Burns 1979 Repl.), 35–38–1–7 (Burns 1984 Cum.Supp., formerly Ind.Code

§ 35–4.1–4–7, Burns Code Ed. 35–50–1A–7 [1979 Repl.]). Thus a trial court may, upon consideration of relevant facts and information, enhance the basic penalties, impose consecutive sentences, or both.... However, if the trial court enhances the penalties or imposes consecutive sentences, the record must demonstrate that 'the determination was based upon the consideration of the facts of the specific crime, the aggravating and mitigating circumstances involved, and the relation of the sentence imposed to the objectives which will be served by that sentence.'" (Citations omitted.)

*Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905. We further note that Ind.Code § 35–38–1–7(a) (Burns 1985 Cum.Supp., formerly 35–4.1–4–7(a), Burns Code Ed. 35–50–1A–7(a)) requires the trial court to consider the risk that the defendant will commit another crime, the nature and circumstances of the crime committed, and the defendant's prior criminal record, character and condition. Section 35–38–1–7(b)(2) (formerly 35–4.1–4–7(c)(2), Burns Code Ed. 35–50–1A–7(c)(2)) specifies as an aggravating factor justifying an enhanced or consecutive sentence the fact that the defendant has a history of criminal activity. Section 35–38–1–7(d) (formerly 35–4.1–4–7(d), Burns Code Ed. 35–50–1A–7(d)) provides that the trial court may consider any other relevant factor present in a particular case.

In this case Defendant was convicted of robbery as a class B felony and carrying a handgun without a license as a class D felony. The presumptive sentence for a class B felony is ten (10) years imprisonment, which may be enhanced by up to ten (10) years for aggravating circumstances, or reduced by as many as four (4) years for mitigating circumstances. Ind.Code § 35–50–2–5 (Burns 1979 Repl.) (retained in current Code). The presumptive sentence for a class D felony is two (2) years imprisonment, which may be enhanced by up to two (2) years. Ind.Code § 35–50–2–7 (Burns 1979 Repl.) (retained in current Code). The trial court sentenced Defendant in this case to the maximum term for each count, and

ordered the sentences to be served consecutively.

The court cited as aggravating factors the facts that this was Defendant's third conviction for robbery and second conviction for carrying a handgun without a license. The court emphasized that four (4) persons, including a police officer, had been wounded during the incident and also determined that a reduced or suspended sentence upon the robbery conviction would "depreciate" the seriousness of that crime, see Ind.Code § 35–38–1–7(b)(4) (formerly 35–4.1–4–7(c)(4), Burns Code Ed. 35–50–1A–7(c)(4)). The record demonstrates that the trial court considered, in mitigation, Defendant's remorse and the fact that he did not fire during the incident but, nevertheless, found these factors to be outweighed by the aggravating factors previously recited.

The record supports the trial court's conclusions. We do not find the 24-year sentence to be manifestly unreasonable.

The convictions and sentence are affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.