**Clarence FLOWERS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 79S00–8612–CR–1020.

Supreme Court of Indiana.

Sept. 13, 1988.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant entered a plea of guilty to Murder and received a sentence of sixty (60) years.

Appellant was charged with the murder of Larry Farrell and an allegation of capital offense was filed against him. Appellant entered a preliminary plea of not guilty. On April 16, 1986, appellant moved to withdraw his not guilty plea and enter a plea of guilty.

During a hearing on the withdrawal of his not guilty plea, appellant was advised of the rights he was relinquishing by pleading guilty and that he was admitting to the facts of the crime. Appellant then testified that on November 26, 1985 he shot Farrell in a Lafayette barber shop because Farrell owed him money. The trial court found that appellant's guilty plea was made knowingly and voluntarily, and the plea was taken under advisement until the sentencing hearing.

At the sentencing hearing, appellant orally moved to withdraw his guilty plea because he recently had become aware of evidence which possibly could exculpate him. The evidence consisted of a telephone bill and an audio tape from a telephone answering machine which allegedly recorded a telephone call made by appellant during the approximate time of the victim's death. Appellant concludes that this evidence could establish that he was in Florida at the time of the shooting. Appellant's counsel learned of this evidence for the first time immediately before the sentencing hearing.

Appellant moved for a continuance so that he could prepare a verified written motion to withdraw his guilty plea in compliance with Ind.Code § 35–35–1–4(b). The trial court denied appellant's motion to withdraw his guilty plea and his motion for continuance. The court found that appellant had knowingly and voluntarily pled guilty and the court accepted his guilty plea. Appellant's trial counsel then moved to withdraw from the case, and his motion was denied.

Appellant first argues the trial court abused its discretion by denying his motion to withdraw his guilty plea. He asserts that because his trial counsel needed time to determine the probative value of the evidence which could establish that he was

in Florida on the date of the murder, the denial of his motion was error.

Indiana Code § 35–35–1–4(b) states that after entry of a plea of guilty but before imposition of a sentence, the court may allow the defendant, by motion, to withdraw his plea of guilty, for any fair and just reason unless the State will be substantially prejudiced. The motion to withdraw the plea of guilty made under this subsection shall be in writing and verified. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. The court shall allow the defendant to withdraw his plea of guilty whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

■ Where a trial court overrules a motion to withdraw a guilty plea, on appeal this Court will indulge a presumption in favor of the trial court's ruling. We will not disturb the trial court's ruling where such ruling was based on conflicting evidence. It is only where the trial court has abused its discretion in denying appellant's motion to withdraw a plea of guilty that this Court will reverse such determination. *Centers v. State* (1986), Ind., 501 N.E.2d 415.

■ Because appellant's motion to withdraw his guilty plea was not in writing or verified, he has waived the issue. *Owens v. State* (1981), Ind., 426 N.E.2d 372.

■ Further, we find no abuse of trial court discretion in the denial of appellant's motion to withdraw his guilty plea. Approximately five months passed after. appellant was charged and before he was sentenced, during which time he made no mention of an alibi defense. Appellant unequivocally testified that he shot the victim twice in the rib cage area. In view of this, ·the belated claim of a telephone call from Florida was not sufficient to set aside the guilty plea.

Appellant argues the trial court denied him his right to effective assistance of counsel by denying his counsel's motion to withdraw from his case.

At appellant's sentencing hearing, he told the trial court that he asked his counsel to "pull back" his guilty plea a week before, but he did not do it and did not visit him until immediately before the sentencing hearing. At that time, his counsel moved to withdraw from the case under D.R. 2–109 *Code of Professional Responsibility* then in effect (recodified as Rule 1.16 under the *Rules of Professional Conduct* effective Jan. 1, 1987) due to a conflict of interest. The trial court did not permit him to withdraw. Appellant concludes that be·cause his counsel was forced to either defend his client or himself, the trial court erroneously refused his request to withdraw.

■ The trial court may refuse a motion for permission to withdraw if the court concludes there will be resultant delay in the administration of justice. Whether to allow counsel to withdraw is a matter of trial court discretion. *Carpenter v. State* (1986), Ind., 486 N.E.2d 1007.

■ In appellant's case, after the trial court denied his counsel's motion to withdraw, appellant's sentence was announced pursuant to the plea agreement and the proceedings were immediately closed. Appellant's counsel had no further opportunity to represent him. Under these circumstances, we find no abuse of trial court discretion in the denial of counsel's motion to withdraw.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.