**Pierre LOTT, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

**No. 45A03–9904–PC–166.**

Court of Appeals of Indiana.

Feb. 29, 2000.

Pierre Lott, Michigan City, Indiana, Appellant Pro Se.

Jeffrey A. Modisett, Attorney General of Indiana, Michael McLaughlin, Deputy Attorney General, Attorneys for Appellee.

**OPINION**

SULLIVAN, Judge

Appellant, Pierre Lott (Lott), appeals the trial court's denial of his Petition for Post–Conviction Relief.

We reverse and remand.

The facts reveal that Lott was convicted of two counts of murder, and sentenced to fifty years on each count to be served consecutively. Lott appealed his conviction to this court alleging that there was insufficient evidence upon which to sustain his conviction. On March 18, 1993, a panel of this court affirmed his conviction in an unpublished memorandum decision.

On April 13, 1995, Lott filed his *pro se* Petition for Post–Conviction Relief. On December 4, 1995, Deputy Public Defender, Mario Joven (Joven), filed his appearance on behalf of Lott. However, on March 12, 1999, Joven filed a motion for Withdrawal of Appearance and Certification pursuant to Ind. Post–Conviction Rule 1(9)(c). On the same day, the post-conviction court summarily denied Joven's motion to withdraw.

■ Upon appeal, Lott does not raise the issue of the post-conviction court's denial of Joven's motion to withdraw his appearance. However, the Indiana Rules of Procedure for Post–Conviction Remedies control with respect to all petitions for post-conviction relief, and therefore, we deem it necessary to address the issue.

■ Ind. Post–Conviction Rule 1(9)(c) specifically states that if "counsel determines the proceeding is not meritorious or in the interests of justice, before or after an evidentiary hearing is held, counsel shall file with the court counsel's withdrawal of appearance." The rule further provides that counsel must certify to the court that he has consulted with the petitioner regarding the grounds alleged in the petition and other possible grounds and that he has conducted an appropriate investigation of the matter including review of the records. P–C.R. 1(9)(c).

■ In this case, we find the word "shall" contained within the rule, to be a command rather than an option. Thus, Joven did exactly that which the rule provided that he must do. In his motion, he cited the rule, informed the court that he had consulted with Lott concerning the possible bases for relief and further attested that he had accomplished the required investigation. However, the post-conviction court denied his motion and mandated that he try a case in which he had already alleged he could find no merit. Pursuant to the rule, the post-conviction court should have granted Joven's motion for

withdrawal and afforded Lott the opportunity to proceed *pro se.*

We reverse and remand this cause for further proceedings not inconsistent with this opinion.

STATON, J., and BAKER, J., concur.