**Dennis R. SMITH, Appellant–Respondent,**

v.

**Stephanie A. SMITH, Appellee–Petitioner.**

**No. 83A01–0205–CV–166.**

Court of Appeals of Indiana.

Oct. 9, 2002.

Publication Ordered Nov. 26, 2002.

Cynthia Reinert, Banta & Reinert, Indianapolis, IN, Attorney for Appellant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Cynthia Reinert, attorney for Dennis R. Smith, brings this discretionary interlocutory appeal under Indiana Appellate Rule 14(B) from the trial court's denial of her Motion to Withdraw Appearance. The single issue on appeal is whether the trial court erred when it denied her motion.

We reverse and remand.

### FACTS AND PROCEDURAL HISTORY

In February 2000, Dennis and Stephanie Smith filed a Verified Petition for Settlement Agreement, which the trial court approved and incorporated into its Final Decree. Under the terms of the agreement, Dennis and Stephanie agreed to share joint legal custody of their minor child, with Stephanie having physical custody.

Dennis entered into the agreement without the assistance of counsel.

In May 2001, Stephanie sought to modify the trial court's custody and visitation order. That same month, Attorney Reinert entered her appearance on behalf of Dennis. Attorney Reinert filed various motions on Dennis's behalf, including a contempt motion, and motions for a modification of custody and a custody evaluation. And in August 2001, Attorney Reinert filed a motion seeking immediate visitation for Dennis, which the trial court granted after a hearing. In October 2001, the trial court scheduled the parties' remaining motions for hearing on January 11, 2002.

In December 2001, Attorney Reinert filed a Motion to Withdraw Appearance. In her motion, Attorney Reinert informed the court that: (1) the case was set for final hearing on January 11, 2002; (2) her client was aware of the final hearing; (3) there had been a breakdown in the attorney-client relationship; and (4) she had advised her client of her intention to withdraw by letter. Attached to the motion was a letter from Attorney Reinert to Dennis dated November 15, 2001. She redacted the substance of the letter to preserve information protected by the attorney-client privilege. The portion of the letter left unredacted states: "ten (10) days, I will be forced to withdraw as your attorney." Appellant's App. at 31. Attorney Reinert also stated in her motion that her client would not be prejudiced by her withdrawal. Her motion to withdraw her appearance was unopposed.

The trial court set the motion to withdraw for a hearing on January 11, 2002. Following several continuances, the court rescheduled the final hearing for May 31, 2002. And on April 19, 2002, without a hearing, the court denied Attorney Reinert's motion to withdraw her appearance. The trial court then granted Attorney Rei-

## DISCUSSION AND DECISION

■ Attorney Reinert argues that the trial court erred when it denied her motion to withdraw her appearance. She contends that because of the breakdown in the attorney-client relationship, her continued representation of Dennis will result in her violating the Indiana Rules of Professional Conduct. Specifically, she claims that, as a result of the deterioration of the attorney-client relationship, she cannot adequately prepare Dennis's case and cannot keep him informed of the status of the case. *See* Ind. Professional Conduct Rules 1.1 and 1.4.

■ The trial court may refuse a motion for permission to withdraw if the court determines that there will be a resultant delay in the administration of justice. *Carpenter v. State,* 486 N.E.2d 1007, 1008 (Ind.1986). And the decision whether a motion to withdraw should be granted is left to the trial court's discretion. *Id.* An abuse of discretion exists only when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Steuben County v. Family Dev. Ltd.,* 753 N.E.2d 693, 696 (Ind.Ct.App.2001), *trans. denied.*

The facts of this case are similar to those in *Lott v. State,* 724 N.E.2d 1118 (Ind.Ct.App.2000). In that case, the defendant filed a pro se petition for post-conviction relief, and thereafter, a public defender entered his appearance on Lott's behalf. The attorney subsequently filed a motion to withdraw his appearance under Indiana Post–Conviction Rule 1(9)(c), which expressly requires an attorney to file a motion to withdraw if counsel determines that the proceeding lacks merit or is inconsistent with the interests of justice. *Id.* at 1119. The trial court summarily denied the attorney's motion, and the case proceeded to judgment.

On appeal, Lott did not raise the issue of the post-conviction court's denial of the attorney's motion to withdraw. But because the Rules of Procedure for Post–Conviction Remedies control with respect to all petitions for post-conviction relief, we deemed it necessary to address the issue. *Id.* We determined that the trial court erred when it summarily denied the attorney's motion because the attorney, as required by the rules, filed his motion to withdraw when he determined that the petition lacked merit. In denying the motion, the trial court "mandated that [the attorney] try a case in which he already alleged he could find no merit." *Id.* We reversed and remanded the case with instructions to the trial court to grant the motion to withdraw and allow the defendant to proceed pro se. *Id.*

Here, Dennis's divorce case is clearly not governed by the post-conviction rules. But by denying Attorney Reinert's motion to withdraw, the trial court has placed her in an untenable position analogous to the attorney in *Lott.* Attorney Reinert alleged in her motion that the attorney-client relationship had deteriorated.[1] She contends that if she is required to continue her representation of Dennis, she will not be able to keep him informed and will not be able to adequately prepare his case. Moreover, like the attorney in *Lott,* Attorney Reinert gave Dennis notice of her

---

1. We agree with Attorney Reinert that Indiana Professional Conduct Rule 1.6 prevents her from disclosing specific information about the breakdown of her professional relationship with Dennis to the extent that it would require her to reveal confidential information.

intent to withdraw in writing before she filed her motion. Based on these facts and circumstances, we can discern no logical reason to support the trial court's denial of her motion to withdraw.

In addition to Attorney Reinert providing Dennis written notice of her intent to withdraw, she also made sure that Dennis was aware of the final hearing date, and filed her motion in a timely manner so that Dennis would have time to secure new counsel if he chose to do so. And even though the court scheduled a hearing on the motion to withdraw for the same day as the final hearing, both hearings were continued. The court eventually entered a general denial of Attorney Reinert's motion in April 2002, and the final hearing was scheduled for May 2002. Had the court granted Attorney Reinert's motion in April, Dennis would still have had ample time to secure counsel for the May hearing. We cannot conclude that, had the court granted the motion, Dennis would in any way be prejudiced as a result of Attorney Reinert's withdrawal. *Cf. Corder v. State*, 467 N.E.2d 409, 413 (Ind.1984) (affirming trial court's denial of motion to withdraw where defendant could not show continued representation prejudiced him). In sum, there are no facts which show that the trial court denied Attorney Reinert's motion to prevent a delay in the administration of justice. *See Carpenter*, 486 N.E.2d at 1008. Therefore, we are constrained to conclude that the trial court abused its discretion when it denied the motion to withdraw. We reverse and remand with instructions to the trial court to grant Attorney Reinert's motion and for further proceedings not inconsistent with this opinion.

Reversed and remanded.

SHARPNACK, J., and FRIEDLANDER, J., concur.

*ORDER*

This Court having heretofore handed down its opinion in this appeal on October 9, 2002, marked Memorandum Decision, Not for Publication;

Comes now counsel for the Appellant, and files herein Motion to Publish, alleging therein that this matter involves a legal issue of unique interest, that trial courts and attorneys need guidance as to what an attorney's duty is when attempting to withdraw appearance from a case; that the opinion in this case can provide much needed guidance to the trial courts and attorneys in civil case and prays this Court to publish its Memorandum Decision in this appeal.

The Court having examined said Motion and being duly advised, now finds that the Appellant's Motion to Publish should be granted and this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The Appellant's Motion to Publish is granted and this Court's opinion heretofore handed down in this cause on October 9, 2002, marked Memorandum Decision, Not for Publication, is now ordered published.