**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 18 2012, 8:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK I. COX**
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| WARREN E. PARKS, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 89A01-1111-CR-515 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Gregory A. Horn, Judge
Cause No. 89D02-1102-FB-14

**May 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Warren E. Parks appeals his conviction and thirty-year sentence for Class B felony unlawful possession of a firearm by a serious violent felon and habitual offender enhancement. Parks contends that he did not make a clear and unequivocal request to proceed pro se. Parks also argues that his sentence is inappropriate. Concluding that Parks made a clear and unequivocal request to represent himself and his sentence is not inappropriate, we affirm.

## Facts and Procedural History

Around 10:30 p.m. on February 17, 2011, Richmond Police Department officers responded to a call about a black male walking down the street carrying a sling rifle. When officers located the man in a park, he was still carrying the rifle. After ignoring many requests from the officers to drop the firearm, the man finally complied and was handcuffed. Officers found a bullet jammed in the chamber of the .22 caliber rifle. After repeated requests for his name, the man finally identified himself as Warren Parks. As officers checked his criminal history, Parks informed them that he had been convicted of robbery in Ohio. He also told the officers that when they stopped him he was on his way to have the rifle fixed.

The State charged Parks with Class B felony unlawful possession of a firearm by a serious violent felon and alleged that Parks was a habitual offender. At the initial hearing, the trial court appointed counsel, Patrick Ragains, for Parks. In April 2011, Parks filed a motion to remove Ragains, alleging that Ragains' performance was deficient

and asking that someone from the State Public Defender's office represent him. The trial court denied Parks' motion.

In June, Parks filed a motion to proceed pro se. The trial court held a hearing on Parks' motion on June 14. At the hearing, the trial court told Parks about the danger of self-representation and asked Parks if he still wished to represent himself. Parks responded, "Yes, yes." Tr. p. 18. The trial court granted Parks' motion.

At a pre-trial conference on August 17, the trial court again advised Parks that he had the right to an attorney. At that point, the following exchange occurred:

PARKS: I would like to be represented by assistance of attorney.

THE COURT: Very good.

PARKS: Assistance of attorney.

THE COURT: The court will grant that motion, the Court will appoint Patrick Ragains as your attorney.

PARKS: Assistance, I didn't say as no attorney.

THE COURT: Oh, no, sir.

PARKS: No, I --

THE COURT: No, no, here's what we can do. I will give you standby counsel but that doesn't mean he helps you. It means at such time as you want an attorney to take over, that attorney takes over. I am not giving you an attorney to assist you.

PARKS: That's my due process like that.

THE COURT: No, it's not. I'm denying that request.

PARKS: Okay. Well, I asked.

THE COURT: If you want an attorney I will appoint an attorney for you.

3

PARKS: It's on the record. I'm not going to argue, it's on the record that I, I asked for assistance.

THE COURT: You asked for assistance, someone to help you.

PARKS: Okay.

THE COURT: I will appoint an attorney, Mr. Parks, but you told me you didn't want that, is that right?

PARKS: I said that I would like to be, have the, have assistance of counsel, that's what I asked.

THE COURT: Do you want an attorney to represent you, Mr. Parks, yes or no?

PARKS: No, I would like to be represented by assistance of counsel.

THE COURT: Don't play games with me, Mr. Parks.

*Id.* at 21-22. The trial court then asked Parks, "Do you want an attorney to represent you, to handle your defense, yes or no," to which Parks responded, "No. I would like to be represented by assistance of counsel." *Id.* at 23. The trial court denied Parks' request and reiterated the dangers of proceeding pro se.

One week later and ten days before trial, Parks filed a motion requesting standby counsel. The trial court again offered to appoint Ragains, who was familiar with the case, but Parks refused and withdrew his motion. On the first day of Parks' jury trial, the trial court advised Parks of the dangers of self-representation yet again and asked if Parks still wished to represent himself. Parks responded, "[L]ike I said before I, I wouldn't mind having standby counsel but I do not want Patrick Ragains." *Id.* at 63. The court responded, "Well, as I've indicated previously, you don't get to choose your counsel, the Court picks your counsel, so your request is denied." *Id.* The court asked Parks once

4

more if he would like Ragains to be appointed as standby counsel, to which Parks responded, "No." *Id.*

The jury found Parks guilty as charged and Parks admitted his habitual offender status. The trial court sentenced Parks to fifteen years for the Class B felony conviction. The court then enhanced the sentence by fifteen years for habitual-offender status, for a total of thirty years. Parks now appeals.

**Discussion and Decision**

On appeal, Parks contends that he did not make a clear and unequivocal request to represent himself. He also claims that his sentence is inappropriate in light of the nature of the offense and his character.

**I. Self-Representation**

The right of self-representation is implicit in the Sixth Amendment to the United States Constitution and guaranteed by Article 1, section 13 of the Indiana Constitution. *Taylor v. State*, 944 N.E.2d 84, 90 (Ind. Ct. App. 2011). "A defendant's request to proceed pro se must be clear and unequivocal, and it must be made within a reasonable time prior to the first day of trial." *Id.* Here, Parks claims that he did not make a clear and unequivocal request to proceed pro se. We disagree.

The record shows that Parks filed a motion to represent himself in June 2010. The trial court held a hearing on Parks' motion, at which the trial court advised Parks of the dangers of proceeding pro se. When the trial court asked Parks if he still wished to represent himself, Parks said, "Yes, yes." Tr. p. 18. When asked this same question at a pretrial conference, Parks repeatedly stated that he wanted to proceed pro se. *See id.* at

5

21-23. On the morning of Parks' trial, the trial court again informed Parks of the dangers of proceeding pro se. Parks responding by saying that he would not mind having standby counsel but would not accept Ragains.

On appeal, Parks argues that he "wanted assistance of an attorney." Appellant's Br. p. 11. However, as shown above, Parks stated many times that he did not want to be represented by an attorney. Instead, he wanted "to be represented by assistance of attorney." Tr. p. 21. In other words, Parks wanted to represent himself with the assistance of an attorney. *Id.* at 21 ("Assistance, I didn't say as no attorney."), 22 ("I said that I would like to be, have the, have assistance of counsel, that's what I asked."). The trial court informed Parks that he was not entitled to counsel in that capacity but he would nonetheless appoint an attorney to represent him. Parks refused. The trial court also offered Parks the assistance of standby counsel, Ragains, who was familiar with the case. Parks refused this also. Parks admits he did so because he wanted someone other than Ragains. Appellant's Br. p. 11. Thus, the dispute was not over whether Parks would represent himself; rather, the dispute was over whether he received the standby counsel of his choice. *See id.* ("The court . . . should have at least inquired to see if there was someone else . . . that could represent [Parks] . . . ."). It is well settled that Parks had no right to standby counsel of his choice. *See Kindred v. State*, 521 N.E.2d 320, 323 (Ind. 1988) (a trial court has the discretion to appoint standby counsel); *Carpenter v. State*, 486 N.E.2d 1007, 1008 (Ind. 1986) (an indigent defendant has the right to counsel but has no right to counsel of his choice). Further, this has no bearing on Parks' request to represent

6

himself.  We conclude that Parks made a clear and unequivocal request to represent himself.

## II. Inappropriate Sentence

Parks also contends that his thirty-year aggregate sentence is inappropriate in light of the nature of the offense and his character.  We disagree.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)).  The defendant has the burden of persuading us that his sentence is inappropriate.  *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).  We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.*  Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the

crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

A person who commits a Class B felony shall be imprisoned for a fixed term between six and twenty years, with the advisory sentence being ten years. Ind. Code § 35-50-2-5. Here, the trial court sentenced Parks to fifteen years in the Department of Correction. This sentence was enhanced by an additional fifteen years, or one-half the maximum habitual offender enhancement. *See* Ind. Code § 35-50-2-8(h) (a habitual offender enhancement must be at least as long as the advisory sentence for the crime to which the enhancement is applied but is capped at thirty years). This sentence was within the statutory range.

Regarding the nature of the offense, there is nothing in the record that indicates that this sentence is inappropriate. Parks, a felon, was seen walking down the street with a .22 caliber sling rifle, and when police located him, he was in a public park. Parks argues that he found the gun, had no intent to harm anyone, and the rifle was inoperable. However, Parks does not dispute his possession of the gun or, notably, that he told officers he was on his way to get it fixed. The nature of the offense was serious.

Regarding his character, Parks has a hefty criminal history. He has amassed thirty-three convictions—fourteen felonies and nineteen misdemeanors. Parks has convictions for robbery, battery, and assault, including assault on a police officer and battery on a corrections officer. Parks also has convictions for theft, conversion, child endangerment, driving while suspended, and check deception. His probation has been revoked twice. Parks also has a substance-abuse problem, has multiple convictions for

substance-abuse crimes, and admitted to periods of daily cocaine and alcohol use.  *See* PSI p. 3-5, 11.  His recidivism shows that he has not been deterred from criminal activity through his extensive contact with the criminal justice system.

Parks has failed to persuade us that his sentence of thirty years is inappropriate in light of the nature of the offense and his character.

Affirmed.

CRONE, J., and BRADFORD, J., concur.