## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 26 2018, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery Haupt
Law Office of Jeffery Haupt
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stephen Byrd,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 26, 2018

Court of Appeals Case No.
71A04-1709-CR-2228

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley, Judge

Trial Court Cause No.
71D08-1505-F5-85

**Crone, Judge.**

# Case Summary

Stephen Byrd pled guilty to level 5 felony battery with a deadly weapon. He now appeals that conviction arguing that the trial court abused its discretion in denying his motion to withdraw his guilty plea. Finding no abuse of discretion, we affirm.

# Facts and Procedural History

On May 19, 2015, the State charged Byrd with level 5 felony battery with a deadly weapon. On August 3, 2015, the parties entered into a written plea agreement. The agreement provided that in exchange for Byrd's guilty plea to level 5 felony battery, the State agreed not to pursue a heightened charge of level 3 felony aggravated battery. On that same date, the trial court held a guilty plea hearing during which the trial court heard the factual basis for the plea. In establishing the factual basis, Byrd admitted that a person named Michael O'Neal came to his house, they had an argument, and Byrd shot O'Neal in the abdomen with a handgun. The trial court took the plea under advisement and set a date for sentencing. On December 10, 2015, Byrd moved to withdraw his guilty plea claiming it was neither knowing nor voluntary. Specifically, during the hearing on the motion to withdraw, Byrd stated that he did not fully understand that he had a possible self-defense claim and that he would not have pled guilty if he had understood. Following the hearing, the trial court denied Byrd's motion to withdraw. On September 1, 2017, the trial court sentenced Byrd to three years' imprisonment. This appeal ensued.

# Discussion and Decision

[3] Byrd appeals the trial court's denial of his motion to withdraw his guilty plea. Indiana Code Section 35-35-1-4(b) governs the withdrawal of guilty pleas where a plea has been entered but the defendant has not yet been sentenced. In such a situation, upon a written and verified motion to withdraw a guilty plea, the trial court may allow withdrawal "for any fair and just reason unless the state has been substantially prejudiced by reliance upon the defendant's plea." Ind. Code § 35-35-1-4(b). This decision is subject to review only for an abuse of discretion. *Id*. "However, the court shall allow the defendant to withdraw his plea of guilty … whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice." *Id*. In other words, the trial court

> is required to grant [a motion to withdraw a guilty plea] only if the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice. The court must deny a motion to withdraw a guilty plea if the withdrawal would result in substantial prejudice to the State. Except under these polar circumstances, disposition of the petition is at the discretion of the trial court.

*Coomer v. State*, 652 N.E.2d 60, 61-62 (Ind. 1995) (quotation marks and emphases omitted). A defendant moving to withdraw his plea bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Code § 35-35-1-4(e).

[4] "'Manifest injustice' and 'substantial prejudice' are necessarily imprecise standards, and an appellant seeking to overturn a trial court's decision faces a

high hurdle." *Gross v. State*, 22 N.E.3d 863, 868 (Ind. Ct. App. 2014), *trans. denied* (2015). Thus, a trial court's ruling on a motion to withdraw a guilty plea "arrives in this Court with a presumption in favor of the ruling." *State v. Oney*, 993 N.E.2d 157, 166 (Ind. 2013) (quotation omitted). "We will not disturb the court's ruling where it was based on conflicting evidence." *McGraw v. State*, 938 N.E.2d 1218, 1220 (Ind. Ct. App. 2010), *trans. denied,* (2011). Rather, this Court will uphold the trial court's decision to deny a motion to withdraw a plea of guilty absent an abuse of discretion. *Flowers v. State*, 528 N.E.2d 57, 59 (Ind. 1988).

[5] Here, Byrd makes no claim of manifest injustice. In fact, he concedes that, during the guilty plea hearing, the trial court "went through a series of questions regarding [his] understanding of his rights, possible penalties, the possible penalties he faced for the charge in question, and ultimately if he was satisfied with counsel." Appellant's Br. at 13. He further concedes that the trial court asked him additional questions regarding his understanding of the plea, and that there is absolutely nothing in the record to suggest that his guilty plea was not entered into "knowingly and freely." *Id*. at 14. He even admits that the trial court specifically inquired regarding his possible self-defense claim, and that after the court advised him that his guilty plea would result in waiver of such claim, he stated that he understood. *Id.*

[6] Nevertheless, Byrd argues that the trial court abused its discretion in denying his motion to withdraw because his "claims of self-defense throughout the case" were akin to "claiming a type of innocence" and that "a trial court cannot

accept a guilty plea from a defendant who pleads guilty and maintains his innocence at the same time." Appellant's Br. at 18-20 (citing *Johnson v. State*, 734 N.E.2d 242, 245 (Ind. 2000)). However, a claim of self-defense is not a claim of innocence; rather it is a claim of legal justification for an otherwise criminal act. *Hood v. State*, 877 N.E.2d 492, 496-97 (Ind. Ct. App. 2007), *trans. denied* (2008). Moreover, Byrd's former attorney testified at the hearing on the motion to withdraw that he and Byrd thoroughly discussed and weighed the likelihood of being successful on a self-defense claim and determined that a guilty plea was in his best interest. Tr. Vol. 2 at 125. Under the circumstances, the trial court acted within its discretion in denying the motion to withdraw, and we cannot say that Byrd has overcome the presumption of validity accorded the trial court's decision. Accordingly, we affirm.

[7] Affirmed.

Bailey, J., and Brown, J., concur.