# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2020, 9:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Devon M. Sharpe
Jenner & Pattison
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brian M.E. Skirvin,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 27, 2020<br><br>Court of Appeals Case No.<br>20A-CR-308<br><br>Appeal from the Jefferson Circuit Court<br><br>The Honorable Richard Striegel, Sr. Judge<br><br>Trial Court Cause Nos.<br>39C01-1810-F4-1048<br>39C01-1901-F6-27<br>39C01-1902-F6-115<br>39C01-1902-CM-148<br>39C01-1906-F3-736 |

**Rucker, Senior Judge.**

## Statement of the Case

Under separate written agreements Brian M.E. Skirvin pleaded guilty to robbery, escape, and resisting law enforcement. He also admitted to a probation violation. Prior to sentencing Skirvin moved to withdraw his guilty plea. The trial court denied the motion and Skirvin now appeals contending the trial court abused its discretion in so doing. We disagree and affirm.

## Facts and Procedural History

Prior to January 2, 2019 Skirvin was serving a term of probation for the unlawful possession of a syringe and was required to wear an ankle bracelet. On that date he was charged with Escape (for intentionally removing an electronic monitoring device) a Level 6 felony[1] and Resisting Law Enforcement also a Level 6 felony.[2] A month later he was charged with Resisting Law Enforcement as a Class A misdemeanor.[3] Skirvin negotiated an agreement with the State whereby he would plead guilty as charged and admit to a probation violation. Sentencing was left to the discretion of the trial court.

At the April 3, 2019 change of plea hearing the trial court administered Skirvin the oath and reviewed with him the terms of his plea agreement which Skirvin

---

[1] Ind. Code § 35-44.1-3-4(b) (2014).

[2] Ind. Code § 35-44.1-3-1(b) (2016).

[3] Ind. Code § 35-44.1-3-1(a) (2016).

acknowledged he had gone over with his lawyer and had signed. The trial court established that Skirvin had never "been treated for any sort of mental health issues" and was not "now under the influence of any alcohol or drugs or even any medicine." Tr. Vol. II, p. 5. The trial court advised Skirvin of his constitutional rights, to which Skirvin responded "Yes" or "Yes, sir" to the questions "Do you understand that?" *Id.* at 5-7. Skirvin freely and voluntarily waived his rights. The trial court then reviewed the range of sentences for each offense to which Skirvin declared "Yes" when asked if he understood. *Id.* at 7. When the trial court inquired, "Are you satisfied with how you've been represented by your attorney?" and "Do you feel that pleading guilty to one charge in each of these four things would be your own free and voluntary decision?" Skirvin answered, "Yes, Sir." *Id.* at 8. As a factual basis for the plea the State read into the record the charging information for each offense. Skirvin agreed with the facts as established and admitted those facts were true. He then pleaded guilty as charged and admitted to a probation violation. The Court then declared:

> [T]he Court now finds that the Defendant is 19 years old, that he understood the nature of the charges to which he plead and the possible sentences and fines thereunder, that his pleas were made freely and voluntarily and they were accurate and supported by the facts. So the Court accepts the pleas and finds the Defendant guilty of one count of Resisting Law Enforcement, a Level 6 felony; one count of Escape, a Level 6 felony; one count of Resisting Law Enforcement, a Class A misdemeanor, and of violating conditions of probation in the oldest of these four cases.

*Id.* at 13-14. Pending sentencing the trial court released Skirvin to the Fort Wayne Adult Rehabilitation Center.

[4] On June 14, 2019 – while Skirvin was on release from the Center – he was charged with Robbery as a Level 3 felony.[4] Thereafter Skirvin entered an agreement with the State to dispose of all charges. Under the terms of the agreement Skirvin would plead guilty to robbery a Level 5 felony as a lesser-included offense and be sentenced to a term of five years. For the remaining offenses to which Skirvin had already pleaded guilty he would receive the following sentences: one year for resisting law enforcement as a Level 6 felony; one year for escape as a Level 6 felony; zero days for resisting law enforcement as a Class A misdemeanor; and 218 days of Skirvin's previously suspended sentence would be revoked. All sentences were to be served consecutively at the Indiana Department of Correction for a total term of seven years and 218 days.

[5] At the December 5, 2019 plea hearing Skirvin acknowledged that he had gone over the plea agreement with his attorney and that he had signed the same. The trial court established that Skirvin was not "under the influence of any drugs or alcohol . . . prescription or otherwise." *Id.* at 22. The trial court advised Skirvin of his constitutional rights, which he freely and voluntarily waived. When the trial court inquired, "Did anybody force, threaten or coerce you or

---

[4] Ind. Code § 35-42-5-1 (2017).

place you in fear to get you to plead guilty?" and "Did anybody [ ] promise you or anybody else anything to get you to plead guilty?" Skirvin responded "No." *Id.* at 24-25. The trial court asked, "Do you feel your plea of guilty is your own free and voluntary act?" Skirvin answered "Yes." *Id.* at 25. When asked, "Are you satisfied with your attorney in this case?" Skirvin responded "Yeah." *Id.* A factual basis for the plea was made part of the record. Skirvin agreed with the facts as established and admitted those facts were true. He then pleaded guilty to robbery as charged. The trial court took the matter under advisement, ordered a Presentence Investigation Report, and remanded Skirvin to the custody of the county jail.

[6] As the court convened on January 9, 2020 for the sentencing hearing Skirvin made an oral motion to withdraw his guilty plea. After questioning Skirvin on the record, the trial court denied the motion and sentenced Skirvin under the terms of the agreement. This appeal followed. Additional facts will be provided as necessary.

# Discussion and Decision

## I. Standard of Review

[7] Indiana Code section 35-35-1-4(b) (1983) governs motions to withdraw guilty pleas. In general, after a defendant pleads guilty but before a sentence is imposed a defendant may move to withdraw a plea of guilty. *Id.* The trial court must permit a defendant to withdraw a plea if it is "necessary to correct a manifest injustice." *Id.* On the other hand, the motion to withdraw the plea

should be denied if the plea's withdrawal would substantially prejudice the State. *Id.* In all other cases, the court may grant the defendant's motion to withdraw a guilty plea "for any fair and just reason." *Id.*[5]

[8] "A trial court's ruling on a motion to withdraw a guilty plea 'arrives in this Court with a presumption in favor of the ruling.'" *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001) (quoting *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995)). We will reverse the trial court only for an abuse of discretion. *Brightman*, 758 N.E.2d at 44. In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made by the defendant at the guilty plea hearing to decide whether the plea was offered "'freely and knowingly.'" *Id.* (quoting *Coomer*, 652 N.E.2d at 62).

## II. Skirvin's Claim

[9] Skirvin contends the trial court abused its discretion in denying his motion to withdraw his guilty plea. According to Skirvin, "after pleading guilty but before being sentenced, he had learned of other possible outcomes to his cases. After doing further research, he realized the full consequences of his guilty plea and

---

[5] We note Skirvin does not advance this claim on appeal. And the State does not argue it would be substantially prejudiced by withdrawal of the plea. We thus confine our discussion to the "manifest injustice" component of the statute.

asked to withdraw it. By not allowing him to do so, a manifest injustice occurred. Thus, the trial court abused its discretion." Appellant's Br. p. 9.

[10] We first observe this issue is waived. Skirvin's oral motion did not comply with the requirements of Indiana Code section 35-35-1-4(b). The statute clearly provides that such a motion "shall be in writing and verified." *Id.* Failure to submit a written motion to withdraw waives the issue for review. *Flowers v. State*, 528 N.E.2d 57, 59 (Ind. 1988); *see also Davis v. State*, 418 N.E.2d 256, 259 (Ind. Ct. App. 1981) (declaring the trial court did not abuse its discretion in denying defendant's oral motion to withdraw his guilty plea because it was not "properly made"). Waiver notwithstanding Skirvin's claim fails on the merits.

[11] At the start of the sentencing hearing counsel for Skirvin declared: "Well, Judge, to begin with Mr. Skirvin is requesting to withdraw his prior plea. He's given me two reasons for that. Number one, he believes he's entitled to three plea offers and he didn't get them. Secondly, he has indicated he'd prefer to do an open sentence." Tr. Vol. II, p. 30. After objection by the State and brief arguments by both sides the trial court administered Skirvin the oath and the following exchange occurred:

> THE COURT: All right. Know of any legal reason why you should not be sentenced at this time?
>
> THE DEFENDANT: I said it was because my counsel – I thought I got defective counsel, but I don't want to go to trial on a Level 3 felony. My attorney – the last time I was here, we talked, and [he] acted like that it was the only plea I was going to get. He told me if not then I'm going to trial, and that's why I

went through with it, but as I started talking to people that's been doing – like I just (inaudible) convicts, but like they're trying to help me out because I don't know much about the law, but they told me that I shouldn't have signed my first plea, that – that – you know what I mean?

THE COURT: So people in jail were telling you – giving you legal advice, and they're in jail?

THE DEFENDANT: I mean that's – that's the only advice I've got at the moment though so –

THE COURT: So jail – jailhouse lawyers were –

THE DEFENDANT: Yes, pretty much.

THE COURT: – telling you what – giving you legal advice?

THE DEFENDANT: Yes, and – and then like my parents. I talked to my parents too. I'm just trying to get all the information on how to do this. I mean I've been in trouble and stuff before, but I've never been in on a serious case like this. I just had a newborn son, so like it's all just – you know, I mean I'm – I don't know much about it. I'm trying to figure out what I can.

THE COURT: Well, I'm going to deny your request and proceed with the sentencing.

*Id.* at 32-33.

[12] It appears that Skirvin's motivation for moving to withdraw his guilty plea was that he simply changed his mind after getting legal advice from other inmates

and his parents. This does not rise to the level of "manifest injustice" which is a necessarily imprecise standard. *See Coomer*, 652 N.E.2d at 62. And an appellant seeking to overturn a trial court's decision faces a high hurdle. *Id.* Instances of manifest injustice, such as would require permitting a defendant to withdraw a guilty plea, may include any of the following: a defendant is denied the effective assistance of counsel, the plea was not entered or ratified by the defendant, the plea was not knowingly and voluntarily made, the prosecutor failed to abide by the terms of the plea agreement, or the plea and judgment of conviction are void or voidable. *Jeffries v. State*, 966 N.E.2d 773, 778 (Ind. Ct. App. 2012), *trans. denied*.

[13] There is no claim made in this appeal that the prosecutor failed to abide by the terms of the plea agreement or that the plea and judgment are void or voidable. And the record reflects that all the necessary procedural safeguards were in place during both plea hearings. As recounted in more detail above, Skirvin was represented by counsel who went over the terms of the plea agreements, and Skirvin expressly agreed with the terms and signed the agreements. The trial court advised Skirvin of his constitutional rights and Skirvin stated that he understood them and understood that he was waiving them by pleading guilty. Skirvin stated that he did not suffer from a mental or emotional disability and that he was not under the influence of alcohol or drugs. Skirvin was informed of the charges against him and the sentence he faced. The State laid a factual foundation for the charges to which Skirvin was pleading guilty. Skirvin

admitted to such and stated he was satisfied with the representation of his counsel.

[14] Skirvin's asserted preference for an open sentence and his claim that advice from other inmates and his parents caused him to reconsider his guilty plea do not satisfy any recognized category of manifest injustice. *See Jeffries*, 966 N.E.2d at 778. And Skirvin's belief that he was entitled to three plea offers from the State lacks merit. *See In re Flatt-Moore*, 959 N.E.2d 241, 244 (Ind. 2012) ("A criminal defendant is not entitled to a plea offer of any sort"). Skirvin's implication on appeal that he did not fully understand or comprehend his guilty plea and that he received ineffective assistance of counsel is inconsistent with his affirmations on the record. We will not disturb the court's ruling where it is based on conflicting evidence. *Weatherford v. State*, 697 N.E.2d. 32, 34 (Ind. 1998). Further, Skirvin's claim is insufficient to satisfy his burden to show an abuse of discretion or manifest injustice. *See Gross v. State*, 22 N.E.3d 863, 868-69 (Ind. Ct. App. 2014) (rejecting challenge to trial court's denial of motion to withdraw guilty plea when defendant affirmed that he understood his potential sentence but later claimed that he did not fully comprehend his possible sentence), *trans. denied* (2015).

# Conclusion

[15] By failing to comply with the writing and verification requirements of Indiana Code section 35-35-1-4(b) Skirvin waived his challenge to the denial of his motion to withdraw his guilty plea. Waiver notwithstanding, Skirvin has not

shown that he was subjected to a manifest injustice. Therefore, the trial court did not abuse its discretion in denying Skirvin's motion. We thus affirm the judgment of the trial court.

Najam, J., and Pyle J., concur.